BATSON & HATTEN LUMBER CO. v. McDOWELL.

(Division B. Jan. 12, 1931.)

[131 So. 880. No. 29123.]

H. H. Parker, of Lyman, and Stevens & Heidelberg, of Hattiesburg, for appellant.

**F. M. Morris** and **S. A. Hall**, both of Hattiesburg, for appellee.

Argued orally by **R. W. Heidelberg**, for appellant.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Forrest county, to recover damages for an injury received by him, alleged to have been caused by the negligence of appellant while the appellee was engaged about his duties as employe of the appellant. There was a trial, resulting in a verdict and judgment in the sum of five hundred dollars. From that judgment appellant prosecuted this appeal.

Several grounds for the reversal of the judgment are assigned and argued. We notice only one, because the proper solution of that results in a judgment here reversing the judgment appealed from, and a dismissal of the cause. The question decided is one of venue. The action was brought in Forrest county; appellant is a domestic corporation domiciled in Pearl River county, with its chief place of business and offices in Harrison county. In the latter county appellee received the injury which is the basis of this action; it is a case, therefore, where appellant was neither domiciled in Forrest county,

where the action was brought, nor did the action accrue in that county. Appellant sought by proper plea which the court held bad, to abate the action upon those grounds.

Before filing the plea in abatement, appellant had moved to quash the process served on it upon certain grounds set out in its motion for that purpose. Before this motion was acted on, appellant, with leave of court, withdrew it, and then filed the plea in abatement. The court held that the plea in abatement was bad, because, under section 3946 of the Code of 1906, section 2999 of the Code of 1930, by its motion to quash appellant waived the venue of the action.

We do not understand it to be seriously controverted by appellee that the proper venue of the action was either in Pearl River county, appellant's domicile, or in Harrison county, where the cause of action accrued. Section 707, Code of 1906, section 495, Code of 1930, expressly so provides.

Section 3946 of the Code of 1906, section 2999 of the Code of 1930, is in this language: "Where the summons or citation, or the service thereof, is quashed on motion of the defendant, the case may be continued for the term, but defendant shall be deemed to have entered his appearance to the succeeding term of the court." That statute has nothing whatever to do with the jurisdiction of the subject-matter, nor the venue of the action. It is addressed alone to the jurisdiction of the person of the defendant. By a motion to quash, whether such motion be sustained or overruled, the defendant waives any question of jurisdiction over his person; but he does not waive jurisdiction over the subject-matter or the venue of the action. By filing a motion to quash the process, the court gets jurisdiction of the person of the defendant as effectually as if he had been legally served with process. By such a motion the defendant is not prejudiced as to his other rights; he is simply in court to the

same extent and with all the rights that he would have as the result of being legally served with process. He can raise, in the proper time and order, the questions of jurisdiction of the subject-matter and of venue, and each and all other questions which he would be entitled to raise if he had been brought in by process, instead of by motion to quash process. York v. State, 73 Tex. 651, 11 S. W. 869; St. Louis, A. & T. R. v. Whitley, 77 Tex. 126, 13 S. W. 853; Texas & Pacific R. Co. v. Childs (Tex. Civ. App.) 40 S. W. 41; Graham v. Spencer (C. C.), 14 Fed. 603; Mars v. Oro Fino Min. Co., 7 S. D. 605, 65 N. W. 19.

Reversed and dismissed.