SCALES *v.* SCALES.

(Division A. Jan. 1, 1934.)

[151 So. 551. No. 30922.]

440

**A. B. Butts** and **Will E. Ward,** both of Starkville, for appellant.

Watkins & Eager, of Jackson, for appellee.

Argued orally by **Will E. Ward** and **A. B. Butts,** for appellant, and by **P. H. Eager,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant sued the appellee for damages resulting from a personal injury, alleged to have been caused by the negligence of the appellee. At the time of the injury, she was riding in an automobile driven by the appellee, which, as she alleges, because of the negligence of the appellee, skidded, turned over, and she was thereby injured. After this injury occurred, the appellant married the appellee, and is now his wife. The appellee, by a special plea, set up the disabilities of coverture as a bar to the action. A demurrer to this plea was overruled, and upon appellant's declining to plead further, a judgment was rendered dismissing the action.

In Austin v. Austin, 136 Miss. 61, 100 So. 591, 33 A. L. R. 1388, we held that, under section 94 of the state's Constitution and the statute now appearing as section 1940, Code 1930, removing disabilities of coverture, a married woman has no cause of action against her husband for the commission by him of a tort against her person. We there said that the Constitution and statute conferred on the wife the right to sue her husband on any cause of action that she might have against him, but that no cause of action was conferred by them on the wife for the commission of a personal tort against him by her husband. It is said by counsel for the appellant that her cause of action accrued prior to the marriage and continued to exist thereafter, and, therefore, even under the Austin Case, the appellant has the right here to sue. At common law, the ground on which no right of action accrues to one spouse against the other for the commission of a personal tort is the legal unity of their persons by virtue of the marriage. The reasons underlying this rule apply with equal force to the con-

tinuance of a cause of action which one spouse has against the other prior to their marriage; so that to be logical we must hold, in consonance with the weight of authority, that in the absence of a statute to the contrary, a right of action in one spouse against the other for the commission of a personal tort, existing prior to the marriage, is extinguished by the marriage. 30 C. J. 955; Newton v. Weber, 119 Misc. 240, 196 N. Y. S. 113; Spector v. Weisman, 59 App. D. C. 280, 40 F. (2d) 792; Thompson v. Thompson, 218 U. S. 611, 31 S. Ct. 111, 54 L. Ed. 1180, 30 L. R. A. (N. S.) 1153, 21 Ann. Cas. 921; Buckeye v. Buckeye, 203 Wis. 248, 234 N. W. 342; Webster v. Snyder, 103 Fla. 1131, 138 So. 755; Raines v. Mercer, 165 Tenn. 415, 55 S. W. (2d) 263. Also see Shirley v. Ayers, 201 N. C. 51, 158 S. E. 840.

Affirmed.