ENSMINGER *v.* ENSMINGER.

No. 39426        January 24, 1955        77 So. 2d 308

*Morse & Morse,* Poplarville, for appellant.

801

*Clay B. Tucker,* Woodville, for appellee.

LEE, J.

Mrs. Pauline Ensminger filed a bill of complaint, in the Chancery Court of Wilkinson County, against her husband William E. Ensminger, to recover damages for personal injuries, including a broken back, which she sustained on account of the alleged negligence of her husband in the operation of his automobile. The bill showed that the parties were residents of East Baton Rouge, Louisiana; and it alleged that, on December 24, 1952, she and her husband were traveling in his automobile on Highway 24 in Wilkinson County, when he negligently drove the automobile to the left of the center lane and off the highway into a tree. For her injuries, she demanded damages in the sum of $60,000. Evidently for the purpose of showing that the public policy of neither Mississippi nor Louisiana would be breached by the maintenance of this suit, she also alleged that the defendant, at the time, had in effect, on the automobile, a liability insurance policy in the sum of $60,000.

On motion of the defendant, the cause was transferred to the circuit court, where the pleadings were reformed. The defendant demurred to the declaration on the ground that the plaintiff cannot maintain the action against the defendant because, in this State, a wife cannot sue or recover from her husband for a tort. The demurrer was sustained, and the plaintiff declined to plead further. A final judgment of dismissal was entered and Mrs. Ensminger appealed.

Counsel for the parties have filed able and exhaustive briefs.

The position of the appellee is that this Court settled this question adversely to the appellant in Austin v. Austin, 136 Miss. 61, 100 So. 591, a tort case, when, in the interpretation and construction of Section 94 of the Constitution, emancipating married women from the disability of coverture, and Sections 2517 and 2518, Code of 1906, now Sections 451 and 452, Code of 1942, implementing the Constitutional provision, it was held that neither husband nor wife can sue each other for a tort. In addition that, as a sequel to that case, it was held in H. L. Austin v. Maryland Casualty Company (Miss. 1925), 105 So. 640, that: "The trouble with Mrs. Austin's case is that there is no liability imposed by law upon her husband for the injury done her. The law gives her no cause of action, and it gives her none because under the law no legal wrong has been done her by her husband. Whatever wrong was done her, if any, was a moral wrong in the form of a tort. As between husband and wife, that was no ground of recovery."

■■ ■ Besides, the above cases were followed in McLaurin v. McLaurin Furniture Company, 166 Miss. 180, 146 So. 877, and Scales v. Scales, 168 Miss. 439, 151 So. 551; and the principle was again recognized in Deposit Guaranty Bank & Trust Co. v. Nelson, 212 Miss. 335, 54 So. 2d 476. In other words, thirty years ago it was held that a wife cannot sue her husband for a tort, and by the decided cases, there has been no departure from that principle, but, on the other hand, it has been strictly adhered to.

■■■ The appellant concedes that, if she is to prevail, Austin v. Austin, supra, must be overruled or modified. However, she maintains that it was wrong in the first instance. Much of the argument, offered in the able dissenting opinion by Justice George Ethridge in that case, but to which a majority of the Court seemed im-

pervious, is again made here. The majority opinion in that case said that, "The divorce courts and the criminal courts furnish ample redress to the husband and wife for such wrongs as this * * *;" and it is true that the appellant, for simple negligence, has no remedy in either of those courts. But the contention that, under Section 24 of the Constitution, she is entitled to have a remedy, by due course of law for this injury to her person, is not maintainable by reason of what was said by this Court in Austin v. Maryland Casualty Company, supra, namely, that the act of her husband constituted no *legal* wrong.

The appellant cites decisions from the courts of eighteen states of the union in which such actions are allowed; but, she concedes that a greater number of the states do not allow such actions.

Appellant also cites Dean William L. Prosser in his Handbook on the Law of Torts (First Ed. 1941), at page 897, and other authorities, to show that the legal writers are practically unanimous in approval of the minority rule.

Appellant also contends that the philosophy and reason, underlying the enactment of the Mississippi Motor Vehicle Safety-Responsibility Act, Chapter 359, Laws of 1952, and especially Section 5 thereof, Section 8285-05, Code of 1942 Ann., was to provide compensation to every person for injuries resulting from the negligent operation of motor vehicles on the highways of the state; that, although a wife, she is a person, and is not excluded by the provisions of the act; and that instead of disrupting the marital relationship, a recovery should promote domestic tranquility.

■■■ All of her arguments lead back to the original proposition, namely, that this Court is committed, by its decisions, to the principle that there is no liability, as between husband and wife, for a personal tort against the other. Several of the Judges think that the decision in

806

Austin v. Austin, supra, was wrong in the first instance. However, the consensus of opinion of the Judges is that the right of a wife to sue her husband for a tort is fraught with such far-reaching results that the grant thereof should not be made by judicial fiat, but, if such right is to be afforded, it should be granted only by the sovereign through legislative processes.

The Court declines to overrule the cases which have established the rule in this State. From which it follows that the demurrer was properly sustained and this cause must be affirmed.

Affirmed.

All Justices concur.