### Tobias *v.* Tobias

No. 39789          November 21, 1955          83 So. 2d 638

*Brandon, Brandon, Hornsby & Handy,* Natchez; *Crisler, Crisler & Bowling,* Jackson, for appellant.

*Young & Daniel,* Jackson, for appellee.

LEE, J.

Mrs. Audrey Lynn Jones Tobias, on September 13, 1954, filed in the Chancery Court of the First Judicial District of Hinds County a bill of complaint against her husband, M. H. Tobias, Sr., in which she sought (1) to establish a resulting trust in connection with her husband's alleged purchase of certain property with her funds; (2) to recover divers and sundry sums of money which she claimed that her husband had converted to his own use; and (3) to recover $8,000, the amount of a loan which she had made to him, and which was evidenced by his promissory note. There was a prayer for discovery and the award of a judgment in the amount of her husband's indebtedness to her.

The answer of the defendant denied the material allegations of the bill and set up, as a special defense, that a previous suit between the same parties had adjudicated their respective rights, and that the final decree in that cause, of date July 30, 1954, was res judicata of the rights between the parties as to the matters alleged in the bill of complaint. The special defense of res judicata was sustained, the bill of complaint was dismissed, and Mrs. Tobias appealed.

A review of the proceedings in the first cause is necessary.

The original pleadings, a transcript of the evidence which was offered therein, and the final decree were introduced on the hearing of the plea of res judicata. Mrs. Tobias had initiated that cause by a petition solely for the care, custody and support of the two minor children by the marriage, and separate support for herself. There was no allegation as to debt or any prayer for recovery on that account. Mr. Tobias, by his answer, denied the material allegations of the petition, and made his answer a cross bill in which he prayed for the custody of the children and for a divorce on grounds of habitual drunkenness of his wife and her alleged habitually cruel and inhuman treatment of him.

In that trial, Mrs. Tobias testified that, over a five-year period from the first part of 1949 until the last part of 1953, she had contributed approximately $92,000 to her husband's business or upkeep and for the upkeep or expenses of the family. Her evidence was of course admissible, on the question of the care and custody of the children, to show her financial ability to take care of them, if they were awarded to her, and his financial inability, if they were awarded to him. That evidence also cut both ways, because it indicated that Mrs. Tobias was a woman of substantial means, and, for that reason, did not need separate support from her husband; and besides, that her husband would not likely be able to comply with the terms of a decree, if a sum for separate maintenance should be adjudged against him.

The decree of July 30, 1954, in that suit, simply denied the relief which Mrs. Tobias prayed for, namely, custody and support of the minors and separate maintenance for herself; and denied Mr. Tobias' prayer for a divorce on his cross bill, but awarded the custody of the children to him. Thus there was no adjudication whatever as to the rights involved in the present litigation.

■■■ The denial to Mrs. Tobias of separate maintenance and the custody of the children in no way invalidated claims for debt, which she may have against her husband as a result of contract, either express or implied.

■■■ "Married women are fully emancipated from all disability on account of coverture; * * *". Section 451, Code of 1942. While husband and wife may not sue each other for torts, Ensminger v. Ensminger, 222 Miss. 799, 77 So. 2d. 308, they may do so in respect to their property rights. Section 452, Code of 1942; Austin v. Austin, 136 Miss. 61, 100 So. 591.

■■■ Moreover, the essentials necessary to constitute res judicata are: "(1) identity in the thing sued for; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in the persons for or against whom the claim is made." Rawlings v. Royals, 214 Miss. 335, 58 So. 2d 820; Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So. 2d 476; Brown v. Attala Drainage District No. 2, 185 Miss. 386, 187 So. 529; Jones v. George, 126 Miss. 576, 89 So. 231; Creegan v. Hyman, 93 Miss. 481, 46 So. 952.

In the Rawlings case, supra, Dr. Royals sued Homer Jay, Mrs. Alice Rawlings and R. H. Thompson for damages to his automobile because of being struck by Jay, the driver of the taxicab. About a week before this trial, Jay had recovered a judgment against Dr. Royals in the amount of $750 on account of personal injuries which he sustained in the same collision. A plea of res judicata was interposed in Dr. Royals' suit. Two of the essentials for res judicata were pointed out as lacking to wit: "First, there is no identity in the thing sued for; Jay sued for the recovery of damages for personal injuries, while Dr. Royals sued for the recovery of damages to his automobile. Second, there is no identity in the cause of action for the reasons just stated."

The exact condition prevails in the case here: There is no identity in the thing sued for, and no identity in the cause of action.

In the case of Hardy v. O'Pry, 102 Miss. 197, 59 So. 73, Mrs. O'Pry sued Hardy for a breach of his contract to assist her in obtaining from the Legislature an appropriation of $420 to compensate her for stenographic work. A demurrer to the declaration was sustained on the ground that the contract was against public policy and void. She then, by another suit, sought to recover in two counts, the first being an express, and the second, an implied, contract to pay for services rendered. Res judicata on account of the first suit was raised. It was argued that Mrs. O'Pry admitted, while testifying, that she had only one contract, and thus the whole controversy could have been determined in the first suit. But the Court held that the cause of action, in order to be barred, must be the same in both suits, and that "The usual test for determining whether the cause of action in the two suits is the same is to ascertain whether the evidence necessary to maintain the one would authorize a recovery in the other. If not, the prior judgment is not a bar to the second." While saying that "those things which might have been litigated, as well as those things actually litigated, in the first suit are res judicata; * * *", the Court then explained that "this means those things 'involved in the record of the former case, and which being so involved, might have been litigated and decided,' * * *." It was then said that "when the cause of action in the two suits is different, only those things are concluded by the first judgment which were actually in issue in the suit in which it was rendered."

If Mrs. Tobias, in her first suit, had been awarded separate maintenance, such allowance would have been based on a fundamental duty of the husband, arising out of the marital relationship. Henderson v. Henderson, 208 Miss. 98, 43 So. 2d 871. The basis for recovery in

her second suit was different. The cause of action there arose out of an alleged contractual relationship, both express and implied, and was not based on marital duty.

Thus it follows that the learned chancellor erred in sustaining the plea of res judicata; and, because of such error, the decree of the lower court is reversed, and the cause is remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.