ENSMINGER *v.* CAMPBELL, ADMR., ETC.

No. 41961 November 20, 1961 134 So. 2d 728

*Morse & Morse,* Poplarville; *Robert L. Netterville,* Natchez; *Dodd, Hirsch, Barker & Meunier,* Baton Rouge, La., for appellant.

522

*Clay B. Tucker,* Woodville, for appellee.

APPELLANT IN REPLY.

Kyle, J.

This case is before us on appeal by Pauline Montgomery Ensminger, plaintiff in the court below, from a judgment of the Circuit Court of Wilkinson County sustaining the motion of Pete Clyde Campbell, administrator of the Estate of William E. Ensminger, deceased, defendant, to dismiss the plaintiff's action because of lack of jurisdiction over the person of the defendant and the plaintiff's cause of action.

The facts in this case, as shown by an agreed stipulation are as follows: The plaintiff, Pauline Montgomery Ensminger, was injured in an automobile accident which occurred on December 24, 1952, on Mississippi State Highway No. 24 in Wilkinson County. The accident occurred about 4:30 P. M., approximately five miles west of Centerville, where the automobile in which the plaintiff was riding with her husband, the said William E. Ensminger, same being a 1949 Oldsmobile, left the highway and ran into a tree. Mrs. Ensminger was alleged to have been seriously injured as a result of the accident. Both Mrs. Ensminger and her husband were nonresidents of the State of Mississippi at the time of the accident, and were living together as man and wife in the State of Louisiana.

The plaintiff first filed her suit in the Chancery Court of Wilkinson County on November 27, 1953, against the said William E. Ensminger, seeking to recover damages for personal injuries sustained by her as a result of the accident. Service of process was obtained on the said William E. Ensminger, a nonresident, under authority of Section 9352-61, Mississippi Code of 1942, Rec. On December 8, 1953, the case was transferred to the Circuit Court where the pleadings were reformed. The defendant then filed a general demurrer to the declaration on the ground that the plaintiff could not maintain an action

against her husband for a tort. The demurrer was sustained, and the plaintiff declined to plead further. A final judgment of dismissal was entered, and the plaintiff appealed the case to this Court. This Court, on January 24, 1955, affirmed the judgment of the circuit court sustaining the general demurrer and dismissing the plaintiff's suit. See Ensminger v. Ensminger (1955), 222 Miss. 799, 77 So. 2d 308.

On October 17, 1955, Pauline Montgomery Ensminger was granted a divorce from the bonds of matrimony existing between her and the said William E. Ensminger by the Fifth Judicial District Court of Franklin Parish, in the State of Louisiana. On April 18, 1957, the said William E. Ensminger died in Baton Rouge, Louisiana, and a short time thereafter Pete Clyde Campbell, a resident of East Baton Rouge Parish, in the State of Louisiana, was appointed administrator of the Succession of William E. Ensminger, deceased, by the 19th Judicial District Court of East Baton Rouge Parish, and then duly qualified as such.

On November 26, 1958, Pauline Montgomery Ensminger filed suit in the Circuit Court of Wilkinson County against the above named nonresident administrator seeking to recover damages for personal injuries suffered by her as a result of the accident which occurred on December 24, 1952, while riding as a passenger in the said William E. Ensminger's 1949 automobile. Nothing was said in the plaintiff's declaration concerning the filing or termination of the first suit filed by the plaintiff against her husband, William E. Ensminger, on November 27, 1953. The second suit was filed against the nonresident administrator under authority of Section 9352-61, Miss. Code of 1942, Rec., as amended by Ch. 229, General Laws of Mississippi, 1954; and process was obtained on the nonresident administrator as provided in said Code Section 9352-61, as amended. On February 10, 1959, the defendant nonresident administrator filed a

motion to quash the service of process, alleging as grounds therefor the following: That William E. Ensminger survived the accident which occurred on December 24, 1952, for a period of more than four years; that Mrs. Pauline Montgomery Ensminger, the plaintiff, commenced an action against him on December 15, 1953, in the Circuit Court of Wilkinson County, for recovery of damages for the injuries suffered by her as a result of said accident, and that the said William E. Ensminger successfully defended said action, as is fully shown by the opinion rendered by the Supreme Court in Cause No. 39,429 on January 24, 1955; see Ensminger v. Ensminger, 222 Miss. 799, 77 So. 2d 308; and that because of said suit which was commenced and terminated during the lifetime of William E. Ensminger, no agency or relationship created under the provisions of said Code Section 9352-61, by and between William E. Ensminger in his lifetime and the Secretary of State, survived and continued as to such nonresident administrator after the death of the said William E. Ensminger, and service of process on him as such nonresident administrator in accordance with said Code Section 9352-61, was void and of no force and effect. The court sustained the defendant nonresident administrator's motion to quash the service of process on March 11, 1959. An appeal was taken by the plaintiff to this Court from the judgment sustaining the motion to quash; and that appeal was dismissed by this Court on the ground that no final judgment had been rendered in the cause. See Pauline Montgomery Ensminger v. Administrator of the Estate of William E. Ensminger, deceased, (Miss. 1960), 119 So. 2d 278.

After the cause had been remanded to the lower court the defendant nonresident administrator filed a motion to dismiss the cause for lack of jurisdiction of the person of the nonresident administrator and the subject matter of the action, and assigned as grounds for said motion

the following: (1) That the allegations of the plaintiff's declaration showed that no agency or relationship created by the defendant's intestate, a nonresident owner of the motor vehicle, in operating his motor vehicle over the public roads in Wilkinson County, Mississippi, on December 24, 1952, survived and continued to said nonresident administrator, so as to subject said nonresident administrator to substituted service of process and the jurisdiction of the Circuit Court of Wilkinson County, within the terms of Section 9352-61, Miss. Code of 1942, Rec.; (2) that the allegations of the plaintiff's declaration showed that after the death of the defendant's interstate on April 18, 1957, no cause of action survived and continued in favor of the plaintiff against said nonresident administrator under the terms of said Code Section 9352-61, supra, as a result of injuries suffered by the plaintiff on December 24, 1952, as complained of; (3) that the amendment of said Section 9352-61, Miss. Code of 1942, Rec., by Chapter 229, Laws of 1954, after the date of the accident complained of, so as to make nonresident administrators of nonresident owners of motor vehicles that were operated on the public roads of the State of Mississippi by said owners at the time of or prior to their death subject to substituted service of summons under the terms of said Section, and subject to the jurisdiction of the Mississippi courts, was retroactive in so far as this case was concerned, and therefore violative of Article I, Section IX, Clause 3, of the Constitution of the United States, and of Section 16 of the Mississippi Constitution; and (4) that no cause of action could have been maintained by the plaintiff against the defendant nonresident administrator's intestate during his lifetime for damages for her injuries suffered in said accident on December 24, 1952, and no cause of action for such damages survived to the plaintiff against said defendant nonresident administrator.

. The motion to dismiss was heard on October 3, 1960, and at the conclusion of the hearing the trial judge sustained the motion and entered a final judgment dismissing the cause for lack of jurisdiction.

The appellant's attorneys have assigned and argued three points as grounds for reversal of the judgment of the lower court, viz.: (1) That the court erred in dismissing the case for want of jurisdiction of the subject matter of the action; (2) that the court erred in dismissing the case for want of jurisdiction over the person of the defendant nonresident administrator; and (3) that the court erred in holding that the defendant had not entered an appearance in the cause.

We think that the trial judge erred in dismissing the case for lack of jurisdiction of the person of the nonresident administrator and of the subject matter of the suit.

Section 1881, Miss. Code of 1942, Rec., provides that, "Where the summons or citation, or the service thereof, is quashed on motion of the defendant, the case may be continued for the term, but defendant shall be deemed to have entered his appearance to the succeeding term of the court."

This Court has held in numerous cases that, where a defendant appears without any reservation and without specifically reserving his right to object to the jurisdiction of the person of the defendant, and files a motion to quash, whether such motion be sustained or overruled, the defendant waives any question of jurisdiction over his person; but he does not waive jurisdiction over the subject matter of the action. Batson & Hatten Lbr. Co. v. McDowell (1931), 159 Miss. 322, 131 So. 880. This Court has also held, in keeping with the provisions of the above mentioned statute, that the appearance of the defendant on a motion to quash, if the motion is sustained, operates to continue the case until the next term of the court and to enter the defendant's appearance at the next term of the court. Illinois Cen-

tral R. Co. v. Swanson, 92 Miss. 485, 46 So. 83; Standard Oil Co. v. State, 107 Miss. 377, 65 So. 468; Fisher v. Pacific Mutual Life Ins. Co., 112 Miss. 30, 72 So. 846; Batson & Hatten Lumber Co. v. McDowell, 159 Miss. 322, 131 So. 880; Frederick Smith Enterprise Co., Inc., v. Lucas, 204 Miss. 43, 36 So. 2d 812.

 ██ When the defendant in this case appeared and filed his motion to quash the service of process without any reservation and without specifically reserving his right to object to the jurisdiction of the court over the person of the defendant, the defendant waived any question of jurisdiction over his person; and when the court sustained the motion to quash the service of process, the defendant was deemed to have entered his appearance in the cause to the succeeding term of the court. By such motion, however, the defendant was not prejudiced as to his other rights.

Section 1475.5, Code of 1942, Rec. (Ch. 230, Laws of 1948), provides that: ''Pleas in circuit court are hereby abolished and every defense heretofore presentable by plea shall be made in an answer; and the answer may state as many defenses, whether consistent or not and whether heretofore made by plea in abatement or plea in bar, as in law or in fact, the defendant may have to the declaration or to any material part or parts thereof.''

The several matters of defense set forth in the four numbered paragraphs of defendant's motion to dismiss were matters of law or of fact which should have been presented in an answer, or by demurrer and in an answer, as provided in said Code Section 1475.5, supra.

 ██ The matters set forth in the second and fourth paragraphs of the defendant's motion to dismiss constitute grounds for demurrer to the plaintiff's declaration or pleas in bar of the plaintiff's cause of action, and if properly pleaded would have been sufficient in themselves to bar recovery. It is not necessary that we consider at this time the question of agency for the

service of process on the defendant nonresident administrator, referred to in the first paragraph of the defendant's motion to dismiss, or the constitutional question presented in the third paragraph of the defendant's motion.

It clearly appears from the allegations of the plaintiff's declaration and the agreed statement of facts that the plaintiff, at the time of her injury on December 24, 1952, was the wife of the defendant's intestate, and that no liability was imposed by law upon her husband for the injury complained of. In Ensminger v. Ensminger, 222 Miss. 799, 77 So. 2d 308, this Court held that there was no liability, as between husband and wife, for personal tort against the other. The decision of the Court in that case was based upon the decision rendered in Austin v. Austin, 136 Miss. 61, 100 So. 591. The Austin case was before the Court on a second appeal. (See H. L. Austin v. Maryland Casualty Company (Miss. 1925), 105 So. 640), and in its opinion on the second appeal the Court said: "The trouble with Mrs. Austin's case is that there is no liability imposed by law upon her husband for the injury done her. The law gives her no cause of action, and it gives her none because under the law no legal wrong has been done her by her husband. Whatever wrong was done her, if any, was a moral wrong in the form of a tort. As between husband and wife, that was no ground of recovery."

It is argued, however, on behalf of the appellant that the rule laid down in the Austin case was no longer applicable to the appellant's claim against the appellee's intestate after the appellant obtained her divorce in October 1955, for the reason that the relation of husband and wife no longer existed; and that the appellant had a right to sue her former husband for the tort committed against her prior to the divorce; and the appellant's attorneys cite in support of their contention on this point Deposit Guaranty Bank & Trust Co. v. Nelson,

212 Miss. 335, 54 So. 2d 476. But we think there is no merit in that contention. The Nelson case was a suit by the plaintiff, Jerome Nelson, against her stepfather, Emmett Wellsby, for the wrongful death of her mother. The plaintiff's cause of action was based upon the wrongful death statute (Section 1453, Miss. Code of 1942, Rec.), and the plaintiff obtained instructions covering only damages to herself. As clearly pointed out in the opinion of the Court in that case, the plaintiff's cause of action was a new cause of action independent of that which the decedent might have had.

The plaintiff in this case had no cause of action against her husband, William E. Ensminger, for damages for personal injuries suffered by her as a result of the accident complained of at the time the accident occurred, Ensminger v. Ensminger, supra; and no cause of action against the said William E. Ensminger for damages for said injuries accrued to the plaintiff as a result of her obtaining a divorce from the said William E. Ensminger in 1955, or against William E. Ensminger's administrator after his death.

Although, as stated above, the matters of defense set forth in paragraphs (2) and (4) of the defendant's motion to dismiss should have been presented by demurrer or in an answer, and not by motion to dismiss the plaintiff's action, the matters of defense stated in said paragraphs (2) and (4) were definitely presented in said motion as matters in bar of the plaintiff's right to maintain her suit. The agreed statement of facts shows affirmatively that no cause of action exists; and no useful purpose would be served by this Court's reversing the judgment of the lower court on the technical point of pleading, and remanding the cause for the filing of an answer. Under these circumstances, it seems clear that justice will be best served by this Court entering a final judgment affirming the lower court's order of dismissal.

In 3 Am. Jur., p. 704, Appeal and Error, Sec. 1197, the textwriter says: "Where the plaintiff's pleading does not state a cause of action in his favor, or entitle him to recover, and the evidence affirmatively discloses that a cause of action does not exist, or if it does not appear that the pleadings can be so amended as to establish a cause of action, the appellate court will either render the final judgment in favor of the defendant or direct the lower court to do so."

In the case of Hart v. Hanson, et al., 14 N. D. 570, 105 N. W. 942, 3 L. R.A. (N. S.), 438, the Court held that, where the complaint does not state a cause of action, and the evidence affirmatively shows that no cause of action exists, the appellant court will direct the action to be dismissed. In the case of Derosia v. Firland, 83 Vt. 372, 76 A. 153, 138 Am. St. Rep. 1092, 28 L. R. A. (N. S.), 577, the Court held that the declaration in an action to recover for services rendered under a contract for labor could not be amended so as to claim damages for a wrongful discharge from the service; and that since the suit could not be maintained on any declaration which might be filed in amendment, final judgment would be rendered by the appellate court.

In the case of Wright v. Weisinger & Co. (Miss. 1845), 5 S. & M. 210, the record showed that an action was brought in the Circuit Court of Panola County on a judgment rendered in the State of Alabama; that the defendant pleaded 1, nul tiel record, and 2, that he had no notice of the proceedings on which the judgment was founded; and that the court, upon issue to the first plea, decided against the defendant, and sustained a demurrer to the second plea. The appellate court held that the demurrer was improperly sustained, but since the record of the judgment sued on showed an appearance of the defendant, although the demurrer was improperly sustained, yet, as the decision was substantially right and the ends of justice would be best subserved by an af-

firmance, the judgment should be affirmed. The Court in its opinion in that case said: ''The decision upon the demurrer was not strictly correct. But when we look at the whole case, we see that a correct conclusion has been reached, and that one issue has been properly found against the defendant, which is decisive of the case. It would be needless, therefore, to reverse, where, according to the principles we declare, the judgment must ultimately be the same. Of the two pleas, one was correctly determined in the circuit court; the other, though incorrectly determined in form, is substantially right. The ends of justice would be best subserved by an affirmance which will put an end to litigation, that must lead to the same result.''

In Terminal Warehouse Co. v. Pennsylvania R. Co., 297 U. S. 500, 80 L. Ed. 827, 56 S. Ct. 546, the Court held that where the theory on which the complaint was framed and the case submitted to the jury did not warrant a recovery, the suit should be dismissed on appeal.

In the case that we have here a reversal of the judgment of the lower court would be ineffectual and of no benefit to the party seeking it. From the authorities cited it clearly appears that, where no benefit would result from a reversal, the appellate court may affirm the judgment although technically the defendant should have incorporated his defenses in an answer.

For the reasons stated above the judgment of the lower court will be affirmed.

Affirmed.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Rodgers, JJ.,* concur.