156 So.2d 245 (1963)
Carolyn Faye NICHOLSON, wife of Luther Jerry SANDERS
v.
ATLAS ASSURANCE CORPORATION et al.
No. 1125.
Court of Appeal of Louisiana, Fourth Circuit.
July 1, 1963.
Rehearing Denied October 2, 1963.
Certiorari Refused December 16, 1963.
*246 Burglass & Burglass, Harry A. Burglass, Metairie, for plaintiff-appellant.
Lemle & Kelleher, Shirley C. Friend, Jr., New Orleans, for defendants-appellees.
Before REGAN, YARRUT and HALL, JJ.
HALL, Judge.
Plaintiff brought this suit against her husband and his public liability insurer for damages for personal injuries suffered by her in an automobile accident. The accident occurred in the state of Mississippi and the suit was instituted in the Civil District Court for the Parish of Orleans, Louisiana. Defendants filed an exception of no cause or right of action which was maintained by the Trial Court and judgment was entered dismissing plaintiff's suit. Plaintiff appealed.
Plaintiff's petition alleges that the accident occurred on or about May 13, 1960 on Highway 15 about three miles south of Newton, Mississippi, while she was a passenger in an automobile owned and operated by her husband; that she received her injuries when the automobile left the highway and plunged down an embankment and that the accident was caused by her husband's negligence in exceeding the speed limit, failing to keep a proper lookout and in failing to maintain proper control over the automobile.
Defendants based their exception of no cause or right of action on the following contentions:
(a) That under the law of Mississippi, which is controlling, a wife may not sue her husband for torts committed during coverture.
(b) That Mississippi has no direct action statute and that under Mississippi law a claimant must file suit and exhaust all remedies against the insured before he can bring suit against the insurer, and that since no action may be prosecuted by the wife against her husband under Mississippi law none may be had against the husband's insurer.
(c) That the Louisiana Direct Action Statute is unavailing to plaintiff since the accident occurred in Mississippi.
Plaintiff does not dispute defendants' contention that under Mississippi law a wife may not sue her husband for torts committed during coverture. On this point see the decisions of the Supreme Court of Mississippi in the following cases: Ensminger v. Ensminger, 222 Miss. 799, 77 So. 2d 308; Durham v. Durham, 227 Miss. 76, 85 So.2d 807; Tobias v. Tobias, 225 Miss. 392, 83 So.2d 638; nor does plaintiff dispute defendants' contention that under Mississippi law she would have no right of action either directly or otherwise against the husband's insurer. See discussion of the Mississippi law in Burke v. Massachusetts Bonding & Ins. Co., 209 La. 495, 24 So.2d 875.
Plaintiff contends for two propositions. First, she contends that her capacity to sue her husband should not be determined by the law of Mississippi but by the law of Louisiana. Second, she contends that the law of Louisiana allows or should allow a married woman to sue her husband for torts committed during the marriage where "the marriage benefits from the action."
Plaintiff argues that under European Civil Law authorities and under some of the *247 more modern Common Law authorities the capacity of husbands and wives to sue one another is determined neither by the lex fori nor the lex delicti but by the place of the matrimonial domicile, and in the instant case the matrimonial domicile of the parties is in Louisiana.
However intriguing plaintiff's theory may be we are obliged to follow the well settled jurisprudence of this state. In Burke v. Massachusetts Bonding & Ins. Co. supra where there was a legal and factual situation entirely similar to the one presented here, our Supreme Court said:
"Where the action is brought in one jurisdiction for a tort committed in another the rights and liabilities of the parties are determined by the laws of the place where the wrong is committed and not by the laws of the place where the right of action is asserted. 11 American Jur., sec. 490, p. 182; [11] American Law Institute, Conflict of Laws, sec. 384, p. 470. In the latter comprehensive work the rule is concisely stated as follows: `If no cause of action is created at the place of wrong, no recovery in tort can be had in any other state.' We must therefore look to the laws of Mississippi where plaintiff's injury occurred and not to the laws of Louisiana where the plaintiff's suit was brought in order to determine plaintiff's rights." See also Smith v. Northern Ins. Company of New York, La.App., 120 So.2d 309; Blount v. Blount, La.App., 125 So.2d 66; 41 C.J.S. Husband and Wife § 392, p. 866.
Since the substantive law of Mississippi is controlling in this case we see no necessity for discussing the Louisiana law beyond observing that under our law plaintiff would fare no better. She could not, during the marriage, sue her husband for damages growing out of a tort. Harvey v. New Amsterdam Casualty Co., La.App., 6 So.2d 774; Addison v. Employers Mutual Liability Ins. Co. of Wisconsin, La.App., 64 So.2d 484; Gremillion v. Caffey, La.App., 71 So.2d 670; C.P. art. 105; LSA-R.S. 9:291. Neither could she maintain a direct action against her husband's insurer, since the Louisiana Direct Action Statute is inapplicable to accidents occurring outside of this state. See LSA-R.S. 22:655; Honeycutt v. Indiana Lumbermens Mutual Ins. Co., La.App., 130 So.2d 770.
We are not impressed by plaintiff's argument that LSA-R.S. 9:291 which forbids a married woman to sue her husband for a tort "[a]s long as the marriage continues" is unconstitutional because it denies the right of the wife to sue her husband while it does not deny the right of the husband to sue his wife, (see Kramer v. Freeman, 198 La. 244, 3 So.2d 609). The suspension of her right to sue during marriage results from the contract of marriage and is a reasonable exercise of the state's power to regulate the marriage status. Neither are we impressed by plaintiff's argument that a suit by the wife may be maintained on the ground that it is in reality an action for restitution of her paraphernal property i.e. her claim for damages (See LSA-C.C. art. 2402). This issue was settled adversely to plaintiff's contention in the case of Palmer v. Edwards, La.App., 156 So. 781, and we are not impressed by the argument that the instant case is distinguishable on the ground that the husband here is covered by an insurance policy. He has received nothing from his wife for which he is obliged to make restitution.
We are of the opinion that the substantive law of Mississippi is controlling and since under that law a wife may not sue her husband for torts committed during coverture and since under that law she cannot maintain an action against the husband's insurer, the judgment appealed from which dismissed her suit as to both defendants is affirmed.
Affirmed.