254 So.2d 521 (1971)
Mrs. Kathryn McNEAL, Individually and as Mother, Natural Gdn. and Tutrix of Myrna Ann McNeal, a Minor,
v.
ADMINISTRATOR OF the ESTATE OF Vester Lloyd McNEAL, Deceased and State Farm Mutual Automobile Ins. Co.
No. 46391.
Supreme Court of Mississippi.
November 8, 1971.
Mullins & Smith, Natchez, for appellant.
Lipscomb, Barksdale, Steen & Caraway, Jackson, for appellee.
RODGERS, Presiding Justice:
Myrna Ann McNeal, a minor, and Mrs. Kathryn McNeal, the daughter and widow of Vester Lloyd McNeal, deceased, filed an original bill of complaint in the Chancery Court of Covington County, Mississippi, against Doyle Keys, Administrator of the estate of Vester Lloyd McNeal, deceased, asking the Court to award damages to the complainants against the estate for injuries alleged to have occurred as the result of the negligence of intestate.
The complainants had previously filed a petition requesting the Court to appoint an administrator of said estate upon the theory that deceased Vester Lloyd McNeal had an insurance policy covering negligent injury to passengers and that petitioners were passengers in an automobile driven by deceased intestate. An order was entered *522 appointing respondent administrator and letters of administration were issued and Doyle Keys, Chancery Clerk of Covington County, qualified by taking the required oath of office.
The bill of complaint alleges that the complainants are the wife and minor daughter of the deceased Vester Lloyd McNeal and that they were injured in an automobile accident on August 17, 1969 "in the outskirts of the City of Collins, Covington County, Mississippi", that Vester Lloyd McNeal lost control of the automobile he was operating and in which the complainants were passengers; and that the sole proximate cause of the accident was the careless and negligent conduct of the deceased in driving at an excessive rate of speed. The original bill of complaint detailed the injuries received by the complainants. The bill shows the permanent address to be Pineville, Louisiana, and alleges that the deceased had a contract of insurance issued by State Farm Mutual Automobile Insurance Company which protected the complainants. The bill invokes the jurisdiction of the Chancery Court of Covington County by the authority of Section 9352-61 Mississippi Code of 1942 Annotated (1952) by which non-residents may be sued within this state in proceedings growing out of "any accident or collision in which said non-resident may be involved."
The administrator, Doyle Keys, filed a motion to dismiss the original bill upon the following grounds:
(1) The court did not acquire jurisdiction because the deceased was a resident of Louisiana and owned no property in Mississippi; that Vester Lloyd McNeal died in Louisiana and, therefore, no administration could be had in Mississippi.
(2) It is further charged that the original bill was filed within six months after the issuance of letters of administration.
The State Farm Mutual Insurance Company also filed a motion to dismiss the original bill upon the ground that the suit could not be maintained directly against the insurance company under the law of the State of Mississippi.
The Chancellor entered decrees sustaining both motions; whereupon, the administrator filed a supplementary motion asking the court to dismiss the bill upon the ground that the action of a wife and an unemancipated daughter could not be maintained in this state. The supplementary motion of the administrator was also sustained by the Chancellor, and a decree was entered finally dismissing the original bill of complaint.
We are of the opinion that the order of the Chancellor dismissing the original bill of complaint (upon the ground that the wife and unemancipated daughter of the deceased Vester Lloyd McNeal had no standing to maintain a civil suit in tort against the husband and father, if living, or his estate, if deceased, in the courts of Mississippi) was correct. Moreover, we are convinced that our conclusion on this issue is dispositive of the appeal in this case.
Under the common law a tort committed by one spouse against the person or character of the other did not give rise to a cause of action in favor of the injured spouse. 27 Am.Jur. Husband and Wife, § 589 (1940).
Most of the courts in the United States have adhered to the common law rule that one spouse has no right of action against the other to recover damages for personal injuries caused by the other. See the many state cases listed in 43 A.L.R.2d 636 (1955).
This rule has been followed in this state since 1924 beginning with Austin v. Austin, 136 Miss. 61, 100 So. 591, 33 A.L.R. 1388 (1924), in which a wife sought to sue her husband for injuries resulting from her husband's negligent operation of an automobile. The same rule was had in the following cases: Ensminger v. Ensminger, *523 222 Miss. 799, 77 So.2d 308 (1955), (wife sued her husband for injuries caused by negligent operation of automobile); McLaurin v. McLaurin Furniture Co., 166 Miss. 180, 146 So. 877 (1937), (wife sued her husband for negligent operation of automobile); Scales v. Scales, 168 Miss. 439, 151 So. 551 (1934), (a wife sued her husband for injury from negligent operation of automobile).
In Tobias v. Tobias, 225 Miss. 392, 83 So.2d 638 (1955), the Court pointed out that although a wife could not sue her husband in tort, she could sue him on a contract.
Our holding has been recognized by sister states in Dawson v. Dawson, 224 Ala. 13, 138 So. 414 (1931) and Burke v. Massachusetts Bonding Company, 209 La. 495, 24 So.2d 875 (1946).
Many of the state courts have based their decision to follow the common law rule on the ground that continued application of this rule is necessary to safeguard harmony and domestic accord. 43 A.L.R. 2d § 10 at 661 (1955). Other state courts have held to the rule upon the ground that the rule has become so well fixed and accepted that to change the rule now is a matter calling for state legislative action. See cases collected in 43 A.L.R.2d § 11 at 662 (1955).
Our Court has said in the Ensminger v. Ensminger case, supra, that the right of a wife to sue her husband is fraught with such far-reaching results that the grant thereof should not be made by judicial fiat but if such right is to be afforded, it should be granted only by the sovereign through legislative processes.
Our Court has also followed the common law rule that an unemancipated child could not sue his parents for injuries resulting from the tortious acts of the parents. The first of these cases came to this Court in 1891 in the case of Hewlett v. George, 68 Miss. 703, 9 So. 885, 13 L.R.A. 682 (1891). The daughter sued her mother for having her wrongfully incarcerated in an insane asylum. The Court went far in holding that a married daughter who had been divorced and was living in her mother's home could not maintain an action in tort against her mother for having her wrongfully confined in an asylum. The rule adopted in George, supra, has been followed in Durham v. Durham, 227 Miss. 76, 85 So.2d 807 (1956). We have gone so far as to apply the rule to persons standing in loco parentis to children in their care. Fortinberry v. Holmes, 89 Miss. 373, 42 So. 799 (1907).
The rule is almost universal in this country. See cases collected in Anno. 31 A.L.R. 1157 (1924); Anno. 71 A.L.R. 1071 (1931); Anno. 122 A.L.R. 1352 (1939); Anno. 130 A.L.R. 889 (1941).
We are also of the opinion that an action cannot be maintained by the complainants against the estate of the deceased husband and father although the husband had liability insurance which would be liable for a judgment against the insured decedent.
After this Court had decided in Ensminger v. Ensminger, supra, that a divorced wife could not sue her husband for injuries caused by an automobile accident in Mississippi, her ex-husband died. An administrator of his estate was appointed in Louisiana. Mrs. Ensminger then filed suit against the non-resident administrator in Mississippi where the accident occurred. The case came to this Court in Ensminger v. Campbell, 242 Miss. 519, 134 So.2d 728 (1961) and we held that since Mrs. Ensminger was the wife of the deceased William E. Ensminger at the time of the accident, the case of Austin v. Austin, supra, was applicable.
We are in accord with a well-reasoned case decided by the Supreme Court of Wisconsin in 1940. The court said:
"It is, to say the least, shocking to our concept of justice that an unemancipated child, who has no cause of action against his living parent, may, if the parent die, and contingent upon such event, have a *524 cause of action against his parent's estate or his administrator. * * * To deny an unemancipated child the right to sue his living parent for the latter's negligence and to grant him the right to maintain such an action against the parent's estate or his administrator, in case the parent dies, should not, in our opinion, be permitted, in the absence of a statute authorizing such an action. Practically all of the courts of this country hold that the fact that the parent is insured, does not give rise to a cause of action based on the parent's negligence where no cause of action exists against the parent if not insured." (Citing many cases). Lasecki v. Kabara, et al., 235 Wis. 645, 294 N.W. 33, 35, 130 A.L.R. 883, 888 (1940).
The appellant contends, however, that the laws of the State of Louisiana should be administered by the Mississippi courts under the facts shown in this case; that under the law of Louisiana the wife and child have a right to sue the husband and parent for injury caused by negligence under the Direct Action Statute LSA-R.S. 22:655; that an insurance company may be made a party to a suit where they are insurers on an automobile liability policy. They cite as authority for this contention our case of Mitchell v. Craft, 211 So.2d 509 (Miss. 1968). In that case the trial for damages resulting from injury in an automobile accident in Louisiana was based entirely upon Mississippi law and tried in Mississippi. The parties on both sides were Mississippians; their property was located in Mississippi; and we held that under the most substantial relationship or center of gravity rule the comparative negligence statute of Mississippi was applicable.
The law of comity must always yield to positive statutory law of the forum. 15A C.J.S. Conflict of Laws § 4(3) (1967).
The argument of the appellants in the instant case that we should follow the Louisiana law in the trial of this case is not well taken for two reasons. First, it may be said as a general rule in conflicts of law cases that foreign laws will not be given effect when to do so would be contrary to the settled public policy of the forum. See cases collected under 15A C.J.S. Conflict of Laws § 4(4) (1967). Cf. 15A C.J.S. Conflict of Laws § 4(11) (1967).
We said in Austin v. Austin, supra:
"The divorce courts and the criminal courts furnish ample redress to the husband and wife for such wrongs as this. Husband and wife in these times have enough grievances for the courts and scandal mongers without by a strained construction another being added by the courts. If another is to be added, it must be done by the Legislature, not by the courts in the face of the great weight of authority both in numbers and reasoning. It would be hard to conceive of what good purpose would be accomplished by such suits." 136 Miss. 61 at 72, 100 So. 591 at 592.
The announcement of this Court in Austin, supra, as to natural justice and good morals has been persistently followed by this Court throughout the years since that time and clearly sets out the public policy of this State on this issue.
In the second place, the law of the forum, lex fori, will govern in conflicts of law with foreign states. The character and extent of the remedy is governed by the laws of the forum. 15A C.J.S. Conflict of Laws § 22(1) at 524 (1967). Generally, the law of the forum controls as to form of the remedy; thus, the lex fori determines the remedy for negligent actions and for death by wrongful acts. 22 C.J.S. Conflict of Laws § 22(3), Torts at 530 (1967); Floyd v. Vicksburg Cooperage Co., 156 Miss. 567, 126 So. 395 (1930).
In McArthur v. Maryland Casualty Company, 184 Miss. 663, 186 So. 305 (1939), this Court has held that the Louisiana Direct Action Statute is procedural and not substantive law.
*525 In Cook v. State Farm Mutual Automobile Insurance Company, 241 Miss. 371, 375, 128 So.2d 363, 365 (1961), we discussed the foregoing issue and pointed out that the lex fori controls as to all matters pertaining to remedial as distinguished from substantive rights. We said:
"However, it is the law of the forum which determines not only questions as to who may be sued but also questions as to the form and amendment of the pleadings. (Restatement, Conflict of Laws, Secs. 588, 592)."
From a study of the foregoing authorities we are convinced that the Chancellor was correct in dismissing the original bill filed by the complainants and the decree of the Chancery Court here involved should be and is hereby affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.