471 So.2d 1223 (1985)
Mildred MATTHEWS
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 54843.
Supreme Court of Mississippi.
June 5, 1985.
Eugene C. Tullos, Tullos, Tullos & Tullos, Raleigh, for appellant.
William M. Dalehite, Jr., Steen, Reynolds, Dalehite & Currie, Jackson, for appellee.
Before WALKER, P.J., and PRATHER and ANDERSON, JJ.
PRATHER, Justice, for the Court:
This is an appeal from an order of the Circuit Court of Smith County, L.D. Pittman presiding, dismissing with prejudice the complaint of appellant Mildred Matthews against the appellee State Farm Mutual Automobile Insurance Co.
Matthews appeals, assigning as error:
(1) The trial court erred in sustaining the motion to dismiss the complaint of appellant.

I.
On February 4, 1980, an automobile owned and driven by Jimmy Garner was involved in a collision in Jackson County, Mississippi. Appellant Mildred Matthews, Garner's fiance, was a passenger in the vehicle at the time of the accident. On February 11, 1980, appellant and Garner were married. Appellant and Garner were subsequently divorced on September 29, 1981.
On March 8, 1982, appellant filed a complaint against her insuror, appellee State Farm Mutual Insurance Company, seeking recovery under the uninsured motorist provision of her automobile liability policy. The complaint alleged that the accident was the result of negligence on the part of the driver Garner. Appellee answered and moved to dismiss the complaint for failure to state a cause of action. On April 29, 1983 the trial court sustained the motion to dismiss on the ground that the lawsuit was *1224 barred by the doctrine of interspousal immunity.

II.
Did the trial court err in dismissing the complaint of appellant?
The trial court sustained State Farm's motion to dismiss appellant's complaint, apparently on the ground that it failed to state a cause of action due to the fact that subsequent to the accident in which the appellant sustained her injury, the appellant and the driver became married. As noted, the accident occurred on February 4, 1980. On February 11, 1980, appellant Matthews and the driver Jimmy Garner were married only to be divorced a year and a half later. The complaint against the insuror, State Farm Mutual, was filed subsequent to the divorce.
Thus the sole question presented by this appeal is whether the doctrine of interspousal immunity bars a lawsuit by one spouse against the other which is filed subsequent to divorce and based upon a cause of action arising prior to marriage?
Mississippi courts continue to uphold the common law doctrine of interspousal immunity prohibiting a right of action by one spouse against the other for the commission of a personal tort. Aitken v. State Farm Mutual Automobile Ins. Co., 404 So.2d 1040 (Miss. 1981); Ensminger v. Campbell, 242 Miss. 519, 134 So.2d 728 (1961); Scales v. Scales, 168 Miss. 439, 151 So. 551 (1934); Austin v. Austin, 136 Miss. 61, 100 So. 591 (1924). The question of whether the doctrine extends to lawsuits filed subsequent to divorce was addressed by this Court in Ensminger, supra. Plaintiff, Mrs. Ensminger, was injured in an accident which occurred on December 24, 1952 while riding as a passenger in her husband's automobile. Mr. and Mrs. Ensminger were subsequently divorced on October 17, 1955. Mr. Ensminger died on April 18, 1957. This Court held that the wife had no cause of action against her husband at the time that the accident occurred and no cause of action arose as a result of either the subsequent divorce or death. 134 So.2d at 732.
The question of whether the doctrine of interspousal immunity extends to torts committed prior to marriage was first addressed by this Court in Scales v. Scales, supra. This Court held that the marriage of the parties extinguished any prior cause of action in one spouse against the other for the commission of a personal tort. This Court recently relied upon the Scales decision in holding that a wife could not sue her insurer under the uninsured motorist provision in the policy based upon the negligence of her husband, even though the accident occurred prior to the marriage. Aitken, supra.
The reasons underlying this rule apply with equal force to the continuance of a cause of action which one spouse has against the other prior to their marriage; so that to be logical we must hold, in consonance with the weight of authority, that in the absence of a statute to the contrary, a right of action in one spouse against the other for the commission of a personal tort, existing prior to the marriage, is extinguished by the marriage. [Citing authorities]. 168 Miss. at 442-43, 151 So. at 551.
404 So.2d at 1044.
Based upon the above decisions, the law in Mississippi is that a cause of action in one spouse against the other for personal injury, although existing prior to the marriage, is extinguished by the marriage. Aitken, supra, Scales, supra, and such cause of action is not thereafter revived upon the divorce of the parties. Ensminger, supra. The logic of the above line of cases supports the trial court's dismissal of the appellant's complaint on the ground that the lawsuit is barred by the doctrine of interspousal immunity.

III.
It should be noted, however, that the law has changed considerably in this area in recent years. When this Court decided Ensminger, supra, the majority of jurisdictions continued to uphold the doctrine of *1225 interspousal immunity. Since that time, a number of states have abrogated the common law doctrine. Annot. 92 A.L.R.3d 901 (1979).
Additionally, a countervailing policy consideration in favor of uninsured motorist coverage is present in the case sub judice. This Court has repeatedly stated that the uninsured motorist statute, Miss. Code Ann. § 83-11-101 (Supp. 1984, et seq.) is to be liberally construed so as to provide coverage, and exceptions from coverage are to be strictly construed. State Farm Mutual Auto. Ins. Co. v. Nester, 459 So.2d 787 (Miss. 1984); Stevens v. United States Fidelity & Guaranty Co., 345 So.2d 1041 (Miss. 1977); Lowery v. State Farm Mutual Auto. Ins. Co., 285 So.2d 767 (Miss. 1973).
This Court has only recently reaffirmed the public policy of this state in intra-family torts action to prevent suspect legal actions which may not be truly adversary and in which the insured has no protection from collusive assertions of liability. Boardman, et al v. United States Automobile Association, 470 So.2d 1024 (Miss. 1985). See Farmers Insurance Exchange v. Cocking, 29 Cal.3d 383, 173 Cal. Rptr. 846, 628 P.2d 1 (1981).
In weighing all of these considerations, this Court reaffirms the existing law of this state in interspousal tort immunity, and affirms the action of the trial court in dismissal of the case.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.