*Reversed and remanded.*

ANDERSON, J., took no part in the decision of this case.

---

HODGES v. MILLS *et al.**

(Division A.  May 18, 1925.)

[104 So. 165.  No. 24840.]

1. PLEADING.  *Effect of fact not alleged or admitted by declaration,
   though appearing in exhibit to it, not raised by demurrer.*
   Any effect of a note not being signed by a certain person cannot be
   raised by demurrer to declaration not alleging or admitting such
   fact, though the note is filed with a deed of trust as an exhibit
   to the declaration.

2. JUSTICES OF THE PEACE.  *Liability on official bond for false certifi-
   cate of acknowledgment.*
   A justice of the peace in taking and certifying an acknowledgment
   by virtue of his office, under power given by Code 1906, sections
   2798, 3452, 3454 (Hemingway's Code, sections 2299, 2785, 2787), is
   performing a duty of the office within his official bond given and
   and conditioned as required by sections 2722, 3463 (sections 2221,
   2801), so that he and his surety are liable for damages from his
   false certificate of acknowledgment.

3. Justices of the Peace. *Declaration on official bond held sufficient.*
Declaration on official bond for damages. from justice's false certificate of acknowledgment of deed of trust *held* sufficient.

*Headnotes 1. Pleading, 31 Cyc., p. 324 (1926 Anno); 2. Justices of Peace, 35 C. J., Section 34; 3. Justices of Peace, 35 C. J., Section 3.

Appeal from circuit court of Perry county.
Hon. R. S. Hall, Judge.
Action by D. G. Hodges against W. D. Mills and another. From an adverse judgment, plaintiff appeals. Reversed and remanded.

*A. T. L. Watkins* and *H. D. Young,* for appellant.

The statute answers the first ground of the demurrer more fully, than any argument; section 2221, Hemingway's Code, provides that "a justice of the peace shall enter into bond, in the same manner as other county officers," and section 863, Hemingway's Code, makes it a crime to undertake to exercise the functions of an office without giving bond and taking the oath of office; section 519 of the same Code provides "in a suit on a bond, shall state the condition and assign a breach;" "injuries resulting from improper performance of official duties, may be remedied by an action against the officer and the sureties of his official bond." 20 Standard Cyc. of Procedure, 749.

20 Cyc. of Procedure, 751, par. (b), says, where a copy of the bond is attached it is sufficient so we hold that the declaration is sufficient and states a cause of action.

The second ground of demurrer, is a special plea and it admits the truth of the allegations of the declaration, and submits this cause on an issue of law, as to whether or not taking an acknowledgment, is an official duty of a justice of the peace. By the Acts of 1836, justices of the peace were authorized to exercise all the powers, previously belonging to notaries public, Hutchinson's Code, section 704, cited in *Hughs* v. *Wilkerson,* 37 Miss. 489 and in 26 Miss. 573, the powers belonging to notaries public,

shall be transferred to justice of the peace and again in
*Nugent & McWillie* v. *Powell,* 63 Miss. 99, "where a jus-
tice of the peace signs. 'J. P. and *Ex officio* Notary Public'
notary public may be rejected, as surplusage;" again
in *Adams County* v. *Guaranty Co.,* 105 Miss. 686, a suit
on the bond of a police justice, *Ex officio* J. P., the court
said "the functions of the office of justice of the peace,
inhered in the office of police justice by operation of
law;" we are holding that the duty of taking acknowl-
edgments to trust deeds, etc., inhered to the office of
justice of the peace, by operation of law, beginning with
the Laws of 1836, continuing to date, with all powers
and duties, powers must necessarily be restricted as well
as duties.  An action may be maintained against him
when he acts entirely without jurisdiction, or when his
acts are illegal, or negligent act of a ministerial char-
acter, or when he acts corruptly or maliciously, 18 Stand-
ard Cyc. of Procedure, 387.

Under section 2801, Hemingway's Code, the condition
of official bonds is that he faithfully discharge all the
duties of his office, not merely judicial duties, for it would
indeed be a rare thing where he could be held liable for
judicial mistakes or even judicial malfeasance, or even
malfeasance in a judicial capacity.

Again under section 2811, Hemingway's Code, the offi-
cial acts of any person, in possession of a public office,
and exercising the functions thereof shall be valid and
binding, as official acts, in regard to all interested or
affected thereby.  He could not be inducted into office
without the bond.  The acknowledgment in question was
by virtue of the official bond, as such and without it he
could not have taken an acknowledgment; if he should
claim it was a notarial act, notaries are required to give
bond and this was his only notarial bond, he had no other;
he did not sign as notary, but as J. P.  *Ex officio* duties
are inseparable duties of the office.  *United States Fidel-
ity & Guaranty Co.* v. *Adams County,* 63 So. 192, citing
*Brown* v. *State,* 75 Miss. 842.

Sureties are not needed on a bond, if they are only to be held liable when the acts are legal. They vouch for his acts, and bind themselves to make good any damage he may cause to any one, while acting under color of his office. *Brown* v. *Weaver,* 76 Miss. 20; Words and Phrases, 1 First Series, 936, 1 Second Series, 547; *McLendon* v. *American Freehold Land Mortgage Co.,* 24 So. 721; *Crotshwait* v. *Pitts,* 36 So. 83; *Turner* v. *Sisson,* 137 Mass. 191; *Lamon* v. *Feusier,* 111 U. S. 174; 4 Sup. Ct. 286, 28 L. Ed. 337.

The object of an official bond is to obtain indemnity against the misuse of official position for wrong purposes, and that which is done under color of office and which would obtain no credit, except for its appearing to be a regular official act, is within the protection of the bond. *Adams County* v. *U. S. F. & G. Co.,* 63 So. 192, *Hall* v. *Tierney,* 95 N. W. 219, 89 Minn. 407, citing Murfree on Official Bonds, 6 Words & Phrases, First Series, 4951; 80 N. E. 1000; 8 L. R. A. (N. S.) 1223; Words & Phrases (S. S.) 719; *Harman* v. *Magee,* — Miss. 415.

The phrase "faithful performance of official duties" as used in a bond, should be construed as equivalent to a recital of all the statutory duties of the office, and is as binding on the principal and sureties, as if such duties were inserted therein. 6 Words & Phrases (F. S.) 495 and citations; *Simpson* v. *Boyd,* 101 So. 661; *State* v. *McDaniel,* 78 Miss. 4, citing *Wilcox case,* 61 Miss. 310, 55 So. 266; *Catts* v. *Winburn,* 88 So. 918, liable for ministerial acts. *Duffin* v. *Sumrall,* 63 So. 816; *Kelly* v. *More,* 51 Ala. 364, 18 Standard Cyc. of Procedure, 387; See especially, 9 Ency. of Evidence, 202, 204, 58 Miss. 728 *et seq.* 717, 83 So. 2, 116 Miss. 371; *Lizanna* v. *State,* 69 So. 292.

So if the officer in this case is not liable, as an officer and not as an individual, no case could arise where an officer would be liable and official bonds are merely "forms" and have no binding effect and are no pro-

tection to the public who rely on their integrity and intrust business to them.

E. C. Fishel and C. C. Smith, for appellees.

Let us consider this: the deed of trust made exhibit "A" to the declaration (R.7) shows same to be the undertaking of two relatives to aid another. To this end one of them was to advance, or before the execution of the deed of trust already had advanced, certain monies and was to obtain bond. Nowhere in the declaration does it state that the money was advanced to the firm of Webb, McAlpine & Grove, though at one place only does he say D. G. Hodges advanced one thousand two hundred and fifty dollars but does not say whether before or after the execution of the instrument. The deed of trust also provided for the furnishing of bond, and it is not alleged that this bond was furnished or if not the reason assigned therefor. We therefore submit that the first ground of the demurrer was well taken.

The second ground of the demurrer: "The declaration states that the taking of acknowledgments is one of the official duties of justice of the peace." We respectfully submit that this is a privilege and not a duty; that he acquires the right under our statutes and by being ex officio a notary public. It will be observed that this right is given under section 2798, Code 1906.

The cross reference is made to section 3452 same Code, and vice versa. He had this authority and privilege only by virtue of the fact that he was ex officio a notary public. If this was a duty he must perform then his surety would be liable, but if a privilege that he could exercise under color of his office, the surety would not be liable and the ground of demurrer would be and we submit is well taken. For two striking cases distinguishing between exercising the duties and privileges of office and pertaining to liability of the surety, we direct the attention of the court to the cases of U. S. F. & G. Co. v. Young, 90 So. 448, and Matthews v. Montgomery, 25 Miss. 150, in

both of which it is held that while a clerk of the circuit court could collect the costs, yet it was not his duty to do so, and the surety was not liable, the condition in both bonds being identical with the condition of the bond in the instant case.

As further evidence of the recognized difference between the exercise of a duty and a privilege, no judge of any other court of our state is even required to give bond, yet he can exercise the privilege of taking acknowledgments, yet each take the same oath as a justice of the peace.

As to the third ground of demurrer, the deed of trust is given to secure the note and the declaration shows and alleges that the name of Minnie Hodges was forged to both instruments and if the note was forged and void, then the deed of trust to secure same would be void and he, the appellant, could not complain of the mere acknowledgment. Under our statutes of limitation the lien is barred when the note is barred. Section 3093, Code 1906.

*A. T. L. Watkins* and *H. D. Young,* in reply for appellant.

The deed of trust was not the undertaking of two relatives, Minnie Hodges not shown to be a relative, but the undertaking of Minnie Hodges and John W. Hodges was to pay one thousand two hundred and fifty dollars due to the appellant and acknowledged that said amount was advanced by D. G. Hodges; and it makes no difference whether he paid it to the attorneys before or after he took the security; and furnishing bond is a separate contract and no liability attached, except in case it was forfeited and appellant compelled to pay it. Pages 7 and 8, Deed of Trust.

We admit it is a great privilege to take and certify a false acknowledgment, and then be allowed to say it was not official, just "a privilege," but it was *colore officii,* see McDaniel and Strangi cases, cited in our original

brief. It is absurd to say it was a notarial act. Notaries have to give bond; where is his notarial bond? He had all the inherent powers belonging to notaries public. See citation in our original brief.

We submit that there is some difference between taking an acknowledgment, under color of office and collecting cost, that manifestly was not a duty and outside of the apparent scope of his authority; if he claims a judicial indemnity, then he is liable, because wilfully and knowingly false and corrupt; the McDaniel and Strangi cases both could have truthfully claimed that it was not an official duty, so it must have been one of those privileges, and not a mistake of judicial discretion, because corrupt and knowingly false and not a mistake in judicial discretion but at all events *colore officii.*

Argued orally by *A. T. L. Watkins,* for appellant.

COOK, J., delivered the opinion of the court.

The appellant, D. G. Hodges, instituted this suit against W. D. Mills, a justice of the peace of Perry county, and the United States Fidelity & Guaranty Company, surety on the official bond of said W. D. Mills, to recover damages for the breach of the conditions of this bond, and from a judgment sustaining a demurrer to the declaration and dismissing the suit this appeal was prosecuted.

The declaration avers that one John W. Hodges, desiring to borrow from the plaintiff the sum of one thousand two hundred and fifty dollars for the purpose of paying an attorney's fee, executed and tendered to the plaintiff a deed of trust on land, which purported to have been signed and acknowledged by the said John W. Hodges and his wife, Minnie Hodges; that the defendant W. D. Mills, as justice of the peace, certified in legal form that the said Minnie Hodges, wife of John W. Hodges, appeared before him and acknowledged that she signed and delivered the said deed of trust; that in fact

(23)

the said certificate was false, and the said Minnie Hodges did not appear before, or in the presence of the said justice of the peace, and that she neither signed the instrument nor made any acknowledgment thereto; that upon a full hearing, and upon the testimony of the said Minnie Hodges and the said W. D. Mills, the chancery court of Perry county had entered a decree finding that the said deed of trust was not signed, acknowledged, or delivered by the said Minnie Hodges, and ordering the cancellation of the deed of trust; that, relying solely on the truthfulness of the said certificate of the justice of the peace, and believing that the same was genuine and true, the plaintiff advanced to the said John W. Hodges the sum of one thousand two hundred and fifty dollars believing that the said sum was secured by a valid lien on the land described in the said deed of trust; that by reason of this false and fraudulent certificate, rendering the deed of trust invalid, he was unable to collect the sum advanced on the faith thereof, and had suffered a total loss of the sum advanced, for which sum he prayed judgment against the justice of the peace and the surety on his official bond.

The principal grounds of the demurrer interposed by the defendants were that the declaration is vague, indefinite, and states no cause of action; that the taking of acknowledgments is a privilege of a justice of the peace, but no part of the official duties of such an officer; and that the declaration admits that Minnie Hodges did not sign the note evidencing the indebtedness to secure which the alleged deed of trust was given, and consequently there can be no recovery because the note was void.

While the note evidencing the indebtedness is filed with the deed of trust as an exhibit to the declaration, a careful reading of the declaration discloses that it does not charge or admit that Minnie Hodges did not sign the note, and the effect, if any, of a failure on her part to sign the note cannot be raised by demurrer.

We do not think there is any merit in the contention that the taking of acknowledgments is a mere privilege

and no part of the official duties of a justice of the peace. Under section 3452, Code of 1906 (section 2785, Hemingway's Code), it is provided that every notary public shall have power to receive proof or acknowledgment of all instruments of writing that are commonly proved or acknowledged before notaries, and to make declarations and certify the truth thereof, under his seal of office, concerning all matters done by him by virtue of his office.

Section 3454, Code of 1906 (section 2787, Hemingway's Code), provides that all justices of the peace are notaries public by virtue of their office, and shall possess all the powers and discharge all the duties belonging to the office of notary public, and may authenticate all their acts, instruments, and attestations by the common seal of office, and that all acts done by them of a notarial character shall receive the same credit and legal effect as are attached to the acts of notaries public. By section 2798, Code of 1906 (section 2299, Hemingway's Code), the authority is expressly conferred upon notaries public and justices of the peace to take and certify proof or acknowledgments of every conveyance, contract, or agreement which is proper to be recorded. Section 2722, Code of 1906 (section 2221, Hemingway's Code), requires that a justice of the peace shall, before he enters upon the duties of the office, enter into bond in the same manner as other county officers, while section 3463, Code of 1906 (section 2801, Hemingway's Code), requires that this bond shall be conditioned for the faithful performance of all the duties of the office during his continuance therein.

By the execution of this official bond this justice of the peace was inducted into office and thereby acquired the authority to take and certify acknowledgments. In taking the acknowledgment he was acting in his official capacity, under color and by virtue of his office. The object of the official bond is to furnish indemnity against the misuse of official power and authority, and, having assumed the discharge of the duty of taking and certifying the acknowledgment to this instrument, this justice

of the peace acted *virtute officii* in so doing, and, together
with the surety on his official bond, is liable for such
damage as resulted to the plaintiff from reliance on the
truthfulness of the certificate of acknowledgment.

We think the declaration sufficiently avers the condi-
tion of the bond, the breach thereof, the reliance upon the
truthfulness of the acknowledgment and certificate there-
to, and the resulting damage, and that the demurrer
should have been overruled. The judgment of the court
below will therefore be reversed, the demurrer over-
ruled, and the cause remanded.

*Reversed and remanded.*