HODGES *v.* MILLS *et al.*[*]

(Division B.   Oct. 31, 1927.   Suggestion of Error Overruled Dec. 12, 1927.)

[115 So. 112.   No. 26630.]

1. ACKNOWLEDGMENT. *Measure of damages in action for justice's falsely certifying acknowledgment to mortgage is compensation for injury suffered by mortgagee.*

   In action against justice of peace for falsely certifying acknowledgment to mortgage, measure of damages is compensation for injury suffered by mortgagee.

2. ACKNOWLEDGMENT. *Where mortgagee's evidence did not show extent of injury caused by justice's falsely certifying acknowledgment to mortgage, mortgagee could not recover amount of mortgage indebtedness.*

   In action against justice of peace for falsely certifying acknowledgment to mortgage by mortgagor's wife, where plaintiff mortgagee's evidence did not show value of land covered by mortgage, whether mortgage was first lien or not and whether mortgagor was solvent and thus did not show extent of injury caused by false certificate of acknowledgment, he was not entitled to recover amount of mortgage indebtedness.

(1)

3. Justices of the Peace. *In action against justice of peace and surety on bond, where evidence showed breach of bond, directing verdict for defendants held error.*

In action against justice of peace and surety on his official bond for breach of condition of bond by justice's falsely certifying acknowledgment to mortgage, where evidence on behalf of plaintiff tended to show breach of official bond as justice of peace, court should not have directed verdict for defendants, since, if jury believed plaintiff's evidence, he was entitled to at least nominal damages.

---

*Corpus Juris-Cyc. References: Acknowledgments, 1CJ, p. 904, n. 14; Justices of the Peace, 35CJ, p. 482, n. 37. Compensation for injury done as measure of damages in action against officer for falsely certifying acknowledgment, see 1 R. C. L. 311; 1 R. C. L. Supp. 99; 5 R. C. L. Supp. 21.

Appeal from circuit court of Perry county.

Hon. R. S. Hall, Judge.

Action by D. G. Hodges against W. D. Mills and another. From a judgment on a directed verdict for defendants, plaintiff appeals. Reversed and remanded.

*A. T. L. Watkins,* for appellant.

In *Lizana* v. *State,* 69 So. 292, it was decided by this court that, "What the magistrate does "*colore offici*" his sureties are liable for, citing 27 So. 994; 50 L. R. A. 118; 84 A. S. R. 618; and the measure of damages is, just compensation for the injury actually sustained, in addition to nominal damages which follows the breach of Bonds,' citing 2 Southerland on Damages (3 Ed.), p. 488; 13 Cyc. 116. And it is unanswerable that in executing and delivering of the false certificate attached to the deed of trust, was and is the sole cause of plaintiff failing to collect the one thousand eight hundred fifty dollars and that he relied on said certificates, or at least he would not have parted with his money and that it was false and fraudulent and did damage plaintiff, much more than two thousand one hundred fifty dollars.

*Stevens & Heidelberg, Currie & Currie, E. C. Fishel* and *C. C. Smith,* for appellee.

In 1 R. C. L., p. 311, the measure of damages is stated as follows: "The measure of damages in an action against the Notary or his sureties has been considered in a few cases, the general rule of compensation for injury done being recognized here as well as elsewhere."

The text just quoted is followed by citation to the note at 13 Ann. Cas. 719. The latter note cites the leading cases on the subject of the measure of damages in cases where a Notary certifies that the mortgagor duly acknowledged the execution of a mortgage, which mortgage is in fact a forgery, namely, *Heidt* v. *Minor,* 89 Cal. 115, 26 Pac. 627, 113 Cal. 385, 45 Pac. 700; and *Mahoney* v. *Dixon,* 31 Mont. 107, 77 Pac. 591. See also 1 C. J. 904.

Argued orally by *A. T. L. Watkins,* for appellant.

ANDERSON, J., delivered the opinion of the court.

Appellant brought this action in the circuit court of Perry county against appellees, W. D. Mills, justice of the peace, and the United States Fidelity & Guaranty Company, surety on his official bond, for a breach of the condition of the bond. Appellee demurred to the declaration, which demurrer was, by the court, sustained, and judgment entered dismissing the suit, from which an appeal was prosecuted to this court. The judgment of the lower court was reversed, this court holding that the declaration stated a good cause of action. *Hodges* v. *Mills et al.,* 139 Miss. 347, 104 So. 165. Appellant's cause of action, as stated in his declaration, was stated thus by the court on the former appeal:

"The declaration avers that one John W. Hodges, desiring to borrow from the plaintiff the sum of one thousand two hundred fifty dollars for the purpose of paying an attorney's fee, executed and tendered to the plaintiff a deed of trust on land, which purported to have been

signed and acknowledged by the said John W. Hodges and his wife, Minnie Hodges; that the defendant, W. D. Mills, as justice of the peace, certified in legal form that the said Minnie Hodges, wife of John W. Hodges, appeared before him and acknowledged that she signed and delivered the said deed of trust; that in fact the said certificate was false, and the said Minnie Hodges did not appear before, or in the presence of, the said justice of the peace, and that she neither signed the instrument nor made any acknowledgment thereto; that upon a full hearing, and upon the testimony of the said Minnie Hodges and the said W. D. Mills, the chancery court of Perry county had entered a decree finding that the said deed of trust was not signed, acknowledged, or delivered by the said Minnie Hodges, and ordering the cancellation of the deed of trust; that, relying solely on the truthfulness of the said certificate of the justice of the peace, and believing that the same was genuine and true, the plaintiff advanced to the said John W. Hodges the sum of one thousand two hundred fifty dollars, believing that the said sum was secured by a valid lien on the land described in the said deed of trust; that, by reason of this false and fraudulent certificate, rendering the deed of trust invalid, he was unable to collect the sum advanced on the faith thereof, and had suffered a total loss of the sum advanced, for which sum he prayed judgment against the justice of the peace and the surety on his official bond.''

The cause went back and was tried, resulting in a directed verdict for appellees, from which judgment appellant prosecutes this appeal.

The evidence tended to establish the allegations of appellant's declaration, but it fell short, for there was no evidence as to the value of the land covered by the mortgage held to be invalid by the chancery court, whether the mortgage was a first lien on the land or not, and whether the mortgagor, John W. Hodges, was solvent or insolvent. In other words, appellant failed to show the extent of the injury suffered by him on account of the

false certificate of acknowledgment to the mortgage made by the appellee Mills. The measure of damages in an action of this character is compensation for the injury suffered by the mortgagee, and, in order to recover compensation, it devolves on the mortgagee to show the extent of such injury. 1 R. C. L., section 111, p. 311, *Heidi v. Minor,* 89 Cal. 115, 26 P. 627, and decisions cited in case note to 13 Ann. Cas. 719. Appellant's evidence fell short of meeting the requirement of the law in that respect, and therefore he was not entitled to recover the amount of his mortgage indebtedness.

But it does not follow that appellee was entitled to a directed verdict. The evidence on behalf of the appellant tended to show a breach of his official bond by appellee Mills, as justice of the peace, and, as the result thereof, appellant suffered some injury. If the jury believed appellant's evidence, he was entitled to, at least, nominal damages.

It follows from these views that the court should not have directed a verdict for the appellee.

*Reversed and remanded.*