E. W. THOMAS AND FIDELITY & CASUALTY COMPANY OF NEW YORK *v.* STATE, FOR USE OF THORP FINANCE COMPANY

No. 43244          January 25, 1965          171 So. 2d 303

*Semmes Luckett, W. H. Maynard,* Clarksdale, for appellant.

*Howard G. Woodward, Charles L. Brocato, Vincent J. Brocato,* Clarksdale, for appellee.

**KYLE, P. J.**

This case is before us on appeal by E. W. Thomas, a notary public, and the Fidelity & Casualty Company of New York, surety on his official bond, defendants in the court below, from a judgment of the Circuit Court of Coahoma County rendered in favor of the plaintiff Thorp Finance Corporation against the defendants for damages alleged to have been sustained by Thorp Finance Corporation as a result of the improper false and negligent acknowledgment of the forged signature of F. R. Trainor on a conditional sales contract purportedly signed by Clyde Trainor and F. R. Trainor for the purchase of certain items of farm machinery purchased by Clyde Trainor from R. H. Trotter and C. D. Kelly, d/b/a Tractor Sales and Service Company, which contract was purchased in the ordinary course of business by Thorp Finance Corporation.

The record shows that in March 1961 R. H. Trotter and C. D. Kelly, d/b/a Tractor Sales and Service Company, undertook to sell to Clyde Trainor certain farm machinery, which had a cash sale price of $10,773 and a time price of $12,203, and on which there was to be a cash payment and trade-in allowance of $3,591. A Conditional Sales Contract for such sale was executed

by Clyde Trainor as purchaser and assigned with recourse by Trotter and Kelly and submitted to Thorp in the hope that Thorp would purchase the contract. After examining the contract Thorp informed Trotter and Kelly by letter that it was unwilling to purchase the contract with Clyde Trainor as the only obligor, but it would purchase the contract if Clyde Trainor's son, F. R. Trainor, would sign the contract with his father. Thorp returned the contract to the sellers. Shortly thereafter Thorp purchased the Conditional Sales Contract which constitutes the subject matter of this litigation. The contract was dated March 27, 1961, and purported to bear the signatures of Clyde Trainor and F. R. Trainor. The contract had attached to it an acknowledgment certificate signed and sealed by E. W. Thomas, Notary Public, certifying that Clyde Trainor and F. R. Trainor had personally appeared before him and acknowledged the execution of the contract. The contract was sent to the Chancery Clerk of Quitman County for recordation. After recordation the contract was forwarded to Thorp as assignee by mail, and Thorp remitted $6816.50 to the sellers as their consideration for their assignment of the contract.

The plaintiff's proof also showed without dispute facts as follows: Default was made in the payment of the first installment due under the contract, being an installment for $2,585.20, due December 1, 1961; and Thorp, acting under the terms and provisions of the contract, took possession of the machinery and advertised and sold the same and applied the net proceeds of the sale, which amounted to $4,751.78, in partial satisfaction of the debt. The amount of money which Thorp had paid to the sellers for the contract was $6,816.50. The difference between that amount and the amount realized from the sale of the machinery was $2,064.72.

Thorp thereafter brought suit in the Circuit Court of Coahoma County against R. H. Trotter, C. D. Kelly,

Clyde Trainor and F. R. Trainor for a deficiency judgment, and on July 17, 1962, recovered a judgment therein against Trotter, Kelly and Clyde Trainor, jointly and severally, for $4,583.29. Thorp lost its suit against F. R. Trainor, because of the fact that the proof therein showed that someone other than F. R. Trainor had signed F. R. Trainor's name to the contract, that the signing of F. R. Trainor's name to the contract was a forgery.

The plaintiff's proof in this case showed that Clyde Trainor was, and is, judgment proof, with six unsatisfied judgments enrolled against him; and that Trotter and Kelly, in the interval between the rendition of the judgment against them and the institution of this action, had obtained discharges in bankruptcy.

Appellant E. W. Thomas testified that he was a merchant engaged in the operation of a Ben Franklin Store, known as a "5 and 10 cents store", in the vicinity of the "Crossroads" in the City of Clarksdale; that he was a notary public on March 28, 1961, and that he examined the acknowledgment certificate dated March 28, 1961, which was shown in and constituted a part of the Conditional Sales Contract involved in this controversy. Thomas stated that he was well acquainted with C. D. Kelly and Bill Lee, one of his employees, that he had confidence in them and had taken acknowledgments of the execution of conditional sales contracts for Tractor Sales and Service Company before March 28, 1961; that Kelly or Lee would bring the Tractor Sales and Service contracts to him for notarization, and sometimes they would leave some loose change (never more than fifty cents) on the counter for him and sometimes they would not. Thomas stated that he had nothing to do with the sale of farm equipment, and he had no interest in the Tractor Sales and Service Company, and no connection, in a business way, with Clyde Trainor or his

son F. R. Trainor. He was not sure that he had ever seen either of the Trainors.

Thomas admitted that he executed the acknowledgment certificate attached to the Conditional Sales Contract dated March 28, 1961, at the request of C. D. Kelly or Bill Lee. The acknowledgment certificate appears in the record as follows:

"STATE OF MISS. )
COUNTY OF COAHOMA )ss

"Personally appeared Clyde & F. R. Trainor, known to me to be the person who signed the foregoing Retail Instalment Contract as Buyer, who, being first duly sworn, acknowledged that he signed the said contract, and that the signing of the said contract was his voluntary act and deed.

"Witness my hand and seal this 28 day of March, 1961.

"E. W. Thomas, Notary Public
"Coahoma County

(Seal of Notary)"

Thomas stated that he did not know at the time he executed the certificate of acknowledgment that the name "F. R. Trainor" affixed to the Conditional Sales Contract was a forgery; that, if he had known that F. R. Trainor's signature on the instrument was a forgery, he would not have executed the acknowledgment certificate. Thomas stated that he was convinced that neither Clyde Trainor nor F. R. Trainor appeared before him at the time he executed the acknowledgment certificate.

At the conclusion of all of the evidence the trial judge sustained the plaintiff's motion for a directed verdict for the plaintiff against the defendants, E. W. Thomas and the Fidelity & Casualty Insurance Company, jointly and severally, for the sum of $2,000, and against E. W. Thomas, individually, for the additional sum of $64.72

and all proper interest from April 8, 1961 to February 8, 1964, amounting to $350.96. A judgment was therefore entered in favor of the plaintiff for the above stated amounts.

From that judgment the defendant E. W. Thomas and Fidelity & Casualty Insurance Company of New York have prosecuted this appeal.

The appellants' attorneys have assigned and argued four points as grounds for reversal of the judgment of the lower court.

It is first argued that the court erred in refusing to limit the appellee's recovery to nominal damages because of the appellee's failure to prove that it could have collected the promissory note from F. R. Trainor if F. R. Trainor had signed the contract. In support of their contention on that point the appellants' attorneys say that the appellee's proof was insufficient to show that the appellee could have collected from F. R. Trainor on December 1, 1961, the amount of the indebtedness then due under the Conditional Sales Contract; and for that reason the appellee was entitled to recover only nominal damages; and the appellee's attorneys cite in support of their contention on that point Hodges v. Mills, 149 Miss. 1, 115 So. 112 (1927).

But we think there is ample evidence in the record to show that the appellee could have collected from F. R. Trainor on December 1, 1961, or at any other time thereafter, the indebtedness due under the Conditional Sales Contract, if F. R. Trainor had signed the Contract. The proof shows that F. R. Trainor was a graduate of Mississippi State University, 27 years of age, and was considered a good credit risk by all who knew him; that he had conducted in his own name extensive farming operations in the Mississippi Delta for a period of several years and had always paid his debts; that there were no judgments enrolled against him for the years 1960-1964, and there were no suits

pending against him for any of those years, or at the time of the trial. The evidence, in our opinion, clearly indicates that the appellee could have collected from F. R. Trainor the amounts due under the Conditional Sales Contract had he actually signed the contract. The trial judge in ruling on the appellee's motion for a directed verdict so found, and there is no evidence in the record to support a contrary conclusion.

In Hodges v. Mills, *supra*, the plaintiff failed to introduce any evidence as to the value of the land covered by the defectively acknowledged mortgage, nor did the plaintiff introduce any evidence of the solvency or insolvency of the "pseudo" mortgagor. The plaintiff in that case also failed to introduce any evidence as to the extent of his damages. The appellee in this case proved conclusively the insolvency of Clyde Trainor and the insolvency of R. H. Trotter and C. D. Kelly, the owners of Tractor Sales and Service Company, who had filed petitions in bankruptcy. It can be readily seen that the decision rendered in the Hodge case is not controlling here.

It is next argued that the appellee's loss was not caused by any defect in the acknowledgment of the Conditional Sales Contract, because the appellee could not have concluded therefrom that F. R. Trainor signed the contract. It is argued that the acknowledgment certificate executed by the appellant Thomas, as a notary public, recites that two persons appeared before the notary public namely, Clyde Trainor and F. R. Trainor, "who, being first duly sworn, acknowledged that *he* signed the said contract, and that the signing of the said contract was *his* voluntary act and deed"; that it is impossible to determine to whom the pronoun "he" refers, when used under such circumstances; and such error or irregularity renders the certificate uncertain and to a certain extent meaningless. But we think there is no merit in that contention. The use of the word

"he" instead of "they" in the certificate was obviously a mere inadvertence or typographical error, and in our opinion did not invalidate the acknowledgment certificate, or relieve the notary public from legal liability to the appellee for making a false certificate. Cunnyngham v. Mason-McDuffie Co., 218 Cal. 196, 22 P. 2d 515 (1933), and Commonwealth to Use of Willow Highlands Co. v. United States Fidelity & Guaranty Co., 364 Pa. 543, 73 A. 2d 422 (1950).

■■ It is next argued that the appellee's loss was not caused by the defect in the acknowledgment of the Conditional Sales Contract because the appellee did not purchase the contract on the faith of the certificate of acknowledgment; that the appellee depended upon the acknowledgment for only one thing, and that was to qualify the instrument for recordation. But we think that it cannot be said that the appellee depended on the acknowledgment only for the purpose of qualifying the instrument for recordation. The record shows that the appellee required the signature of F. R. Trainor to the Conditional Sales Contract for the reason that the appellee did not regard Clyde Trainor as a good credit risk, and the appellee agreed to purchase the contract only upon the condition that F. R. Trainor sign the contract with his father; and the acknowledgment was intended to prove that F. R. Trainor had actually signed the contract. If F. R. Trainor had signed the contract, it would have been valid as between the parties and enforceable against F. R. Trainor whether it was recorded or not.

Finally, it is argued that in no event was the appellee entitled to interest on its claim to the date of the entry of the judgment, for the reason that interest is not recoverable in tort actions in the absence of a statute authorizing the recovery of interest in such cases.

■■ We think the court erred in allowing interest on the $2,064.70 from April 8, 1961 to February 6, 1964.

The appellee's right of action was based upon the negligence of the notary public in executing a false certificate of acknowledgment. It was therefore an action in tort for unliquidated damages although it was an action on the official bond of the Notary Public, which was a contractual obligation. "The damages recoverable from a notary or other officer who has been guilty of a breach of duty in making a false or defective certificate of acknowledgment resulting in injury to the plaintiff are confined to indemnity for the loss sustained by reason of the false or defective certification." 1 Am. Jur. 2d 533, Acknowledgments section 129 (1962). ■■■ The measure of damages in an action of this character is compensation for the injury suffered by the plaintiff, and in order to recover compensation, it devolves on the plaintiff to show the extent of such injury. Hodges v. Mills, supra.

The amount of the loss sustained by the appellee by reason of the false certificate of acknowledgments in this case could not be ascertained until the repossessed machinery had been sold and the proceeds applied to the payment of the debt as provided in the Conditional Sales Contract, and until the solvency or insolvency of Trotter and Kelly, who had assigned the Conditional Sales Contract to Thorp "with recourse" and were secondarily liable for the payment of the indebtedness to Thorp, had been ascertained. The record shows that the repossessed machinery was sold and the proceeds applied on the indebtedness sometime prior to the entry of the judgment of July 17, 1962, in the suit filed by Thorp Finance Corporation against R. H. Trotter and C. D. Kelly d/b/a Tractor Sales and Service Company, Clyde Trainor and F. R. Trainor, Cause No. 5731, as shown on the general docket of the circuit court, in which the court adjudged that the action against the defendant F. R. Trainor be dismissed on its merits, and that the plaintiff recover from the defendants R. H.

Trotter, C. D. Kelly and Clyde Trainor both jointly and severally a total sum of $4,583.29. The record also shows that Trotter and Kelly obtained their discharges in bankruptcy in the interval between the rendition of the above mentioned judgment and the institution of the action in this case.

The action against the appellants in this case is not based on an interest bearing obligation owing by Thomas to the appellee or a claim for the detention of money received by Thomas and justly due and owing to the appellee. It is an action in tort for unliquidated damages, the amount of which was not determined until the rendition of the judgment in the lower court. Consequently Mississippi Code Annotated section 39 (1956) governs, and interest can be allowed only from the date of that judgment.

For the reasons stated above the judgment of the lower court for $2,000 awarded to the appellee against the appellants, E. W. Thomas and the Fidelity & Casualty Insurance Company, with interest thereon at six percent per annum from February 6, 1964, will be affirmed. The judgment for the sum of $415.68 against E. W. Thomas, individually, which includes $64.72 as principal and $350.96 as interest from April 8, 1961 to February 6, 1964, will be modified so as to eliminate the $350.96 interest accrued prior to the date of the rendition of the judgment appealed from, and as thus modified the judgment will be affirmed.

Judgment appealed from modified as to interest allowed, and affirmed.

*Jones, Rodgers, Brady and Patterson, JJ.,* concur.