ROBERTSON, Justice:
The appellant and appellee have both filed suggestions of error to the opinion of this Court in the above styled case, reported in 183 So.2d 501 (Miss.1966). After carefully considering the briefs filed, we have determined that both suggestions of error should be overruled.
Appellee, Walter S. Jordy, contends that the appellant did not raise in the trial court the question that the July, 1964, Term of Court had not been properly extended and that the judgment entered *451 by the trial judge on August 19, 1964, was void because entered in vacation. The ap-pellee insists that the appellant is now estopped from raising this question for the first time on appeal to this Court. The cases cited by appellee would have been applicable except for the fact that the issue here is jurisdictional, and we are required to determine whether or not we have jurisdiction, and may do so on our own motion. See the cases cited in Hyde Construction Co., Inc. et al. v. Highway Materials Co. et al., 248 Miss. 564, 572, 159 So.2d 170, 173, 162 So.2d 856 (1963).
Appellee contends that appellant consented to the entering of a judgment on the motion in vacation and that cases may be heard in vacation under the authority of Mississippi Code of 1942 Annotated section 1523 (1956). The record does not bear out nor support this contention. No order appeal's on the Minutes of the Circuit Court during the July, 1964, Term taking this matter under advisement for decision in vacation, nor does any order appear thereon reciting that by consent of the parties the matter could be tried and judgment entered in vacation.
The truth of the matter is that the trial judge intended to extend the July Term, but through inadvertence, the proper order was not entered on the Minutes during the July, 1964, Term. When the omission was discovered, a nunc pro tunc order extending the July, 1964, Term for one week was prepared by the attorney for the appellee, and signed by the trial judge on December 30, 1965. The attorney for the appellant was notified before this order was signed and in the Judge’s Office advised the trial judge and the attorney for the appellee that he did not think that the Minutes of August 14, 1964, could be thus corrected with a nunc pro tunc order at that time. There is thus no question of estoppel involved in this case.
The appellant contends in his suggestion of error that this Court should modify its opinion and direct that the case be retried by the Circuit Court. In reversing and remanding this case we did not intend to bind the hands of the trial court, nor to dictate what action the trial court should take. We, in effect, found that the “motion to correct judgment or for judgment notwithstanding the verdict,” which motion was heard at the July, 1964, Term but no judgment rendered thereon at the regular term, is still undisposed of and the court upon remand of this case is authorized to act on said motion in any way it sees fit. Mississippi Code of 1942 Annotated' section 1649 (1956), provides:
If any court shall not be held at any term, or shall not continue to sit the whole term, or during the term shall not have heard and determined all matters standing for trial, then all suits and proceedings remaining undecided shall stmd continued of course until the next term; * * *. (Emphasis added.)
This motion to correct judgment, therefore, can be acted on by the trial court at any regular term of the court. In our opinion, we simply held that the July, 1964, Term of court had not been properly extended by order entered upon its minutes during the July, 1964, Term of court, and, therefore, the trial court did not have the power, authority or jurisdiction to enter a final judgment on August 19, 1964, being a day in vacation.
We also held in our original opinion, that under the authority of Mississippi Code of 1942 Annotated Section 1519 (1964 Supp.), the Circuit Judge could act on motions, and that the Order of August 19, 1964, “served to set aside the original judgment, but that the matter was then continued by law until the next regular term.” (183 So.2d at 508). However, we were not inferring nor suggesting that the Circuit Judge must now retry this cause. We reiterate that the trial judge is perfectly free to render and enter any judgment that he sees fit, provided, of course, that this be done at a regular or properly extended term of court.
*452 The appellee suggests that appellant should at least be required to pay the costs of this appeal, inasmuch as these costs have been incurred as a result of the raising of the question of jurisdiction by .the appellant for the first time in this Court. We do not believe this contention is well taken because the appellant was not estopped to point out to this Court that the lower court did not have jurisdiction to enter a final order in vacation. This Court has so found and this cause has been reversed and remanded. The appellant, therefore, was the successful party and the costs should be taxed against the unsuccessful party in accordance with Mississippi Code of 1942 Annotated section 1579 (1956).
The suggestions of error are therefore overruled.
RODGERS, JONES, PATTERSON and INZER, JJ., concur.
ETPIRIDGE, C. J., and GILLESPIE, BRADY and SMITH, JJ., dissent.