195 So.2d 922 (1967)
McDaniel BROS. CONSTRUCTION COMPANY, Inc., Defendant-Appellant,
v.
Walter S. JORDY, d/b/a Jordy Associates, Plaintiff-Appellee.
No. 44277.
Supreme Court of Mississippi.
March 6, 1967.
Suggestion of Error Overruled March 20, 1967.
*923 Young, Young & Scanlon, Jackson, for appellant.
Watkins & Eager, William E. Suddath, Jr., Jackson, for appellee.
PATTERSON, Justice.
This is an appeal from the Circuit Court of Hinds County, sitting without a jury, wherein a judgment of $6,000 was entered for plaintiff as a result of a breach of contract.
The case has been before this Court previously on a jurisdictional question dealing with whether a circuit court has authority to enter a judgment in vacation.
Walter S. Jordy, a building contract broker, brought suit originally for breach of contract, claiming a loss of profit in the amount of $6,004. McDaniel Bros. Construction Company, Inc., hereinafter referred to as McDaniel, claimed there was no contract and consequently no breach. The circuit court, as trier of the facts, found that the contract had been breached and entered judgment for Jordy in the sum of $3,000. Jordy filed a motion to correct judgment or for judgment notwithstanding the verdict, and after the court term had ended, the trial judge set aside the original judgment and in vacation of the court entered another judgment for Jordy in the amount of $6,004. This action was reversed on appeal (254 Miss. 839, 183 So.2d 501 (1966)), this Court holding that Jordy's motion was still pending and that the circuit judge could rule on the motion during any regular or properly extended term. Thereafter Jordy filed a motion for entry of judgment, and on May 19, 1964, during a regular term, the circuit judge held, without opinion, that the prior judgment of August 6, 1964, should be changed; he then entered a judgment against McDaniel for $6,000, plus interest at 6% per annum, from August 6, 1964, the date of the original trial.
McDaniel assigns as error the following:
1. The verdict and the judgment of the lower court are contrary to the overwhelming weight of the evidence.
2. The trial court erred in finding that a contract existed between the parties, that a breach had been committed by the appellant, and that the appellee was entitled to damages.
3. The lower court erred in sustaining appellee's motion for entry of judgment and by entering a judgment against the appellant in the sum of $6,000 plus interest from the date of the original trial.
4. The lower court erred by setting aside its original judgment of August 6, 1964, and at a later term entering a judgment for twice the amount of the original judgment.

I.
The disputed contract involved the purchase and installation of windows in a hospital to be constructed at Corinth, Mississippi. McDaniel, as a general contractor, was bidding for the prime contract for the hospital job when Jordy submitted his offer on June 3, 1963, to furnish and install aluminum windows and window walls. Jordy talked by long distance telephone with McDaniel, president of appellant, on June 7, 1963, in regard to Jordy's proposal, and he suggested that Jordy submit a package bid which would include the glazing of windows. Jordy and McDaniel met on June 12, 1963, and when Jordy proposed the price of $36,000 to include his original offer plus the glazing, McDaniel accepted his bid, according to appellee's testimony. On June 17, 1963, McDaniel wrote Jordy in reference to the Corinth hospital project. The body of the letter is as follows:
This letter is to confirm our agreement for the purchase of certain materials required *924 for this project which are listed as follows:
All window, window wall requirements including panels completely erected in accordance with plans and specifications.
1. All glass, glazing and mirror requirements in accordance with plans and specifications.
The above items are to be furnished and installed in accordance with all contract documents as prepared by the office of Overstreet, Ware, Ware & Lewis, architects, for a total lump sum of $36,000.00.
This confirmation is based on a contract being awarded to this office. In the event this contract does not go through this letter is void.
McDaniel signed the prime contract to build the Corinth hospital on June 24, 1963. McDaniel denied that the letter of June 17, 1963, to Jordy represented a contract. He stated it was a letter written at the request of Jordy to be used as part of a financial statement to obtain a line of credit. He testified it was written merely as a favor and that both he and Jordy knew the letter did not constitute a binding contract.
As trier of the facts, the trial court found that there was a contract between McDaniel and Jordy. The trial judge observed and heard the witnesses and the testimony. All negotiations and actions were directed toward a contract, and although there were some details not definitely agreed upon, a firm contract was established in the letter of June 17, 1963, conditioned only upon the obtaining of the prime contract by McDaniel.
We have reviewed the testimony and the exhibits and have concluded that there was sufficient evidence introduced for the trial judge to find that the parties entered into a contract. The findings of the trial court should and must be accepted unress they are manifestly wrong. United States Fidelity & Guaranty Co. v. State, 211 Miss. 864, 53 So.2d 11 (1951). We are of the opinion this assignment of error is not well taken.

II.
Jordy testified that he had an arrangement with Burton Brothers, Inc. whereby this company would furnish certain materials and fulfill the construction requirements imposed upon Jordy by the subcontract for its part in the construction of the hospital. Burton Brothers' payment for its participation in the subcontract, by the testimony of Jordy, was to be an equal division of the profits anticipated by Jordy to be received under his contract with McDaniel in the estimated sum of $6,004 for the $36,000 bid. The lower court judgment in favor of Jordy was for $6,000.
Appellee contends that this judgment is correct since he is entitled to recover profits which would have been realized if the contract had been performed, and that even though he may later have to account to Burton Brothers, he is still entitled to collect the total damages in his own name. In support of this argument he cites the cases of United States Finance Co. v. Barber, 247 Miss. 800, 157 So.2d 394 (1963) and Cottrell v. Smith, 146 Miss. 837, 112 So. 465 (1927).
McDaniel argues that the measure of Jordy's damages is the difference between what he was to receive and what it would cost him to do the job. B. Bluethenhal Co. v. McDougal, 163 Miss. 406, 141 So. 291 (1932) and Jones v. Griffin, 157 Miss. 256, 126 So. 35 (1930). Out of the $6,004 sum due to Jordy from McDaniel as a "profit" was to come the half due Burton Brothers from Jordy as an "expense" for doing the job. Jordy was a contract broker. He was not going to do the actual work since that was Burton Brothers' responsibility according to their agreement. Jordy was to supply the job and Burton Brothers was to supply the work, and had agreed additionally to waive any commissions on materials furnished. The record reflects, however, *925 that Burton Brothers had furnished no materials or labor in regard to the contract.
One suing for breach of contract can recover only profits he would have made if permitted to complete the contract. B. Bluethenhal Co. v. McDougal, supra.
The fundamental principle of the law of damages is compensation for injuries sustained. One injured by a breach of contract is entitled to a just and adequate compensation and no more. "The law will not put him in a better position than he would be in had the wrong not been done or the contract not been broken." 22 Am.Jur.2d Damages § 13 (1965).
Had the contract been fully performed, Jordy's profit at best would have been $3,002, that is, one-half of the gross profit. The other half, as mentioned, would have belonged to Burton Brothers. Under the circumstances, we are of the opinion that the proposed division of profits with Burton Brothers was nothing more than an expense item, which included, among other things, a waiver of commission ($1,049) by Burton Brothers on proposed sale of windows for use on the hospital, a legitimate item of expense. Burton Brothers furnished neither materials nor labor, and from the evidence submitted on this point we find nothing of substance upon which a judgment could be entered in the sum of $6,000.
In his declaration Jordy claimed that he had incurred expenses totalling $1,030. He made no attempt, however, to prove this element of damages in the trial and this item cannot be considered as an element of damages here.
We are of the opinion that the trial court erred in awarding judgment in the sum of $6,000 and hold that under the evidence adduced judgment in the sum of $3,002 (one-half of the estimated gross profit) would be proper.

III.
Next McDaniel argues that the trial court's term-time judgment of $3,000 was a valid judgment and could not be set aside.
This Court determined in McDaniel Brothers Construction Co. v. Jordy, 254 Miss. 839, 183 So.2d 501 (1966) that the $3,000 judgment of August 13, 1964, was set aside by the order of August 19, 1964, when the trial court attempted to enter a different judgment of $6,004, after the term had ended.
In the instant case, the motion to set aside the judgment was made and argued in term time, but the order setting aside the judgment was not entered until after the regular term. We are of the opinion that since the court had authority to pass upon motions to set aside the judgment in vacation that the order entered by the court, dated August 19, 1964, served to set aside the original judgment, but that the matter was then continued by law until the next regular term. Thus, it has been continued from term to term and is now a pending matter in the Circuit Court of the First Judicial District of Hinds County, Mississippi. 183 So.2d at 508.
In the opinion which this Court rendered overruling a suggestion of error that "the trial court did not have the power, authority or jurisdiction to enter a final judgment on August 19, 1964, being a day in vacation. * * * We reiterate that the trial judge is perfectly free to render and enter any judgment that he sees fit, provided, of course, that this be done at a regular or properly extended term of court." McDaniel Bros. Construction Co. v. Jordy, 254 Miss. 839, 185 So.2d 450, 451 (1966).
Later when acting upon Jordy's motion for entry of judgment, the trial judge stated that the former judgment "was erroneous and should be changed," and entered a judgment against McDaniel in the sum of $6,000.
As we have indicated above, the amount of the judgment is incorrect, but the trial *926 judge's action in entering a judgment was proper since the McDaniel cases, supra, being the law of the case, were determinative of this issue.

IV.
Upon entering the judgment for $6,000 on May 19, 1966, the trial judge allowed 6% interest from August 6, 1964, the date of the original judgment which was entered on August 12, 1964. This judgment was not final, however, as a motion to correct the judgment or for a judgment notwithstanding the verdict was immediately interposed against said judgment. As stated in McDaniel, supra, this served to continue the pendency of the cause until the original judgment was set aside and final judgment was entered on May 19, 1966.
Jordy contends that he would be entitled to interest on the judgment from the date the money actually became due, that is, from August 6, 1964, the date of the judgment first entered. He relies on the case of C.B. Foster & Co. v. Fulton Bag & Cotton Mills, 159 Miss. 217, 222, 131 So. 415, 417 (1930). The court there said:
We conclude, therefore, that in actions for damages for the breach of a contract, where real or personal property is the basis of the contract, the measure of damages and compensation for the loss sustained will be the amount of the damages as ascertained by the jury, with interest thereon at the legal rate, from the date of the breach of contract, or the date of the injury.
McDaniel argues that neither real nor personal property was the basis of the contract and that the Foster case is distinguishable from the present case. This case involves unliquidated claim for damages for breach of contract and interest cannot be recovered on an unliquidated claim, but can only be allowed from the time of judgment. 22 Am.Jur.2d 259 Damages § 181 (1965).
In the recent case of Thomas v. State, 251 Miss. 648, 171 So.2d 303 (1965) the action was based on negligence of a notary public in executing false certificates of acknowledgment. Suit was brought in tort for unliquidated damages although it was an action on a notary public's official bond. Inasmuch as the amount of damages was not determined until rendition of the judgment in the lower court, interest could be allowed only from the date of that judgment.
Since this is a suit for unliquidated damages, the amount of which could not be determined until rendition of the judgment in the trial court, interest would begin to run from the date of judgment in the trial court.
We are of the opinion the trial court erred in allowing interest from the date of the original judgment, as the same did not become final until May 19, 1966.
The maximum recovery against McDaniel in favor of Jordy is $3,002 as determined here. The trial judge found for Jordy in the sum of $6,000 and since this judgment is reversed only as to the amount of damages, judgment is entered here in the amount of $3,002 with interest from May 19, 1966. Tchula Commercial Co. v. Jackson, 147 Miss. 296, 111 So. 874 (1927). Interest of 6% per annum will run from May 19, 1966, the date of the judgment below. Higgason v. Tew, 40 So.2d 537 (Miss. 1949).
Affirmed in part, reversed in part, and rendered.
GILLESPIE, P.J., and RODGERS, SMITH, and ROBERTSON, JJ., concur.