234 So.2d 522 (1970)
Branch WILLIAMS, Plaintiff-Appellant,
v.
PETROLEUM HELICOPTERS, INC., Defendant-Appellee.
No. 3032.
Court of Appeal of Louisiana, Third Circuit.
April 23, 1970.
Rehearing Denied May 13, 1970.
Writ Refused June 26, 1970.
*523 Dan A. Spencer, and James E. Franklin, Jr., Shreveport, for plaintiff-appellant.
Carl J. Schumacker, Jr., New Orleans, for defendant-appellee.
Before TATE, FRUGÉ, and HOOD, JJ.
FRUGÉ, Judge.
This action arose as the result of the death of Daniel W. Davis in a helicopter crash in Leland, Mississippi, on October 20, 1966. The deceased, his survivors, and the defendant Petroleum Helicopters, Inc., were all domiciled in Louisiana at the time of the accident. Plaintiff, the succession representative of the deceased, brought the action in Lafayette Parish and was awarded $122,051.18 in damages plus 6% interest from the date of the judgment. Plaintiff appeals from that judgment.
The only issue on appeal is whether or not the trial court's award for interest was proper. It is clear and both parties agree that, since the accident occurred in Mississippi and the action was brought in Louisiana, the trial court's application of Mississippi substantive law and Louisiana procedural law was correct under Louisiana conflicts of law rules. Nicholson v. Atlas Assurance Corp., 156 So.2d 245 (La.App. 4th Cir. 1963), certiorari denied 245 La. 461, 158 So.2d 612 (1963).
Plaintiff-appellant contends, however, that the trial court erred in applying Mississippi law concerning pre-judgment interest rather than Louisiana law. It is conceded that Mississippi law allows 6% interest on a judgment from the date of the judgment. See Illinois Central Railroad Company v. Nelson, 245 Miss. 395, 148 So.2d 712 (1963); Thomas v. State for Use of Thorp Finance Corp., 251 Miss. 648, 171 So.2d 303 (1965). Louisiana, on the other hand, allows 5% interest on tort actions from the date of judicial demand. Louisiana Civil Code Article 1938; Code of Civil Procedure Article 1921; Louisiana Revised Statute 13:4203; Davis v. LeBlanc, 149 So.2d 252 (La.App. 3d Cir. 1963).
Therefore, this is a conflicts question: Whether under Louisiana conflicts laws legal interest is "substantive" and governed by the lex loci delicti, or whether it is "procedural" and governed by the law of the forum.
Plaintiff-appellant contends that Louisiana statutes concerning legal interest are found in our procedural laws and therefore are not substantive. Louisiana Code of Civil Procedure Article 1921 is as follows:
"The court shall award interest in the judgment as prayed for or as provided by law."
Official Revision Comment (b) to that article is as follows:
"Article 554, Code of Practice of 1870, establishing the legal rate of interest, is unnecessary. This is a question of substantive law which is adequately covered by Art. 1936 through 1944 of the Civil Code." (Emphasis ours.)
Also, Comment (c) says:
"The problem of when the running of interest begins is integrally bound up with substantive law, and for this reason should not be included in this project. The phrase `as provided by law' refers to the articles of the Civil Code and to R.S. 13:4203 and the considerable jurisprudence under these provisions." (Emphasis ours.)
The above comments are in accord with the general rule, which seems to be that legal interest in a tort action is "substantive." The Restatement of Conflicts, Section 419, provides:
"The rate of interest allowed as a part of the damages for injury to property by a tort is determined by the place of wrong." *524 68 A.L.R.2d, page 1338, gives the general rule as follows:
"The general rule is that the question whether interest is recoverable upon the amount of damages allowed or upon the judgment recovered in a tort action is governed by the law of the place where the tort was committed and not by the law of the forum."
And more particularly concerning the instant case, 68 A.L.R.2d, page 1340, states:
"The question whether interest is recoverable upon the amount of damages allowed or upon the judgment recovered in an action for wrongful death is governed by the law of the place of the fatal injury, and not by the law of the forum."
Louisiana jurisprudence concerning this issue is rather sparse. A case in point, however, is Holmes et al. v. Barclay et al., 4 La.Ann. 63, 64 (1849), in which the court gave the following opinion on an application for rehearing:
"The interest in this case having been allowed by the district court, we confirmed that portion of the judgment, because we considered it as part of the damages, and allowed as such. In Illinois, where the cause of action accrued, it would have been competent for a jury to have allowed interest in making up the estimate of damages, and we thought the plaintiffs entitled to the same indemnity here."
That case involved an action for damages sustained in Illinois and being enforced in Louisiana, and the court held that Illinois law concerning interest was applicable. Plaintiff has cited no case nor have we found any which has overruled the Barclay case. Since it is still in accord with the general rule, we will follow it in the instant case.
By analogy, federal courts have consistently held legal interest to be substantive rather than procedural in cases requiring the application of federal procedural law and state substantive law. See New Amsterdam Casualty Co. v. Soileau, 167 F.2d 767 (5 Cir., 1948).
The Webb case relied upon by the plaintiff is not determinative of the instant case, because the question of interest was never raised. Webb v. Zurich Insurance Company et al., 251 La. 558, 205 So.2d 398 (1967).
The general rule, which is followed by Louisiana, is that the question of legal interest in a tort action is a matter of substantive law rather than procedural law. In the instant case, the trial court correctly awarded interest on the basis of Mississippi law.
Accordingly, the judgment of the trial court is affirmed, at plaintiff-appellant's cost.
Affirmed.
TATE, Judge (dissenting).
The majority opinion is indeed a scholarly expose of the classic conflict-of-laws arbitrary-rule approach represented by the First Restatement (1934). This approach is repudiated by most courts and by virtually all scholars of the present day, including the redactors of the new Restatement. See, e. g., Sections 6, 145, proposed Restatement Second, Conflict of Laws (1968).
All the parties to this Louisiana action are domiciled in Louisiana. This tort suit was brought in the Louisiana courts. The sole issue is whether legal interest is awardable from date of judicial demand, as provided by Louisiana law, or instead from date of judgment, as provided for Mississippi judgments by Mississippi laws.
The Louisiana legislature has expressly regulated this issue. LSA-R.S. 13:4203 provides: "Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto', which may be rendered by any of the courts." (Italics mine.)
*525 The present action is for delictual damages. The Louisiana legislation applies to "all judgments" in tort rendered by "any" of Louisiana's courts.
I respectfully suggest that there is no conflict of laws at issue here. The Louisiana legislature has provided for legal interest as to tort judgments rendered by Louisiana courts. So far as is apparent, the Mississippi legislature has never enacted any provision which attempts to regulate the legal interest which may be allowable by the courts of Louisiana or any other foreign forum.
It is true a Mississippi statute does provide that judgments or decrees rendered by Mississippi courts shall bear interest at six percent per annum from date of rendition. See statute quoted in Illinois Central Railroad Co. v. Nelson, 245 Miss. 395, 148 So.2d 712, 713. I do not see the relevance of this statute to this Louisiana judgment in a Louisiana action between Louisiana domicilaries.
By use of highly artificial arbitrary rules deduced from the now-repndiated First Restatement, we hold thatin defiance of Louisiana statutethe rate of legal interest upon the damages awarded here in tort is fixed by a Mississippi statute which on its face applies only to Mississippi judgments.
The directly applicable law of Louisiana should not be ignored.
I therefore respectfully dissent.

On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., dissents.
MILLER, J., votes for rehearing for reasons in the dissenting opinion.