GILLESPIE, Chief Justice:
ON MOTION
On August 5, 1974, a decision was rendered on the merits and the judgment of the trial court in favor of Pauline Altom and against T. W. Wood in the sum of $2500 was affirmed on condition that defendant, T. W. Wood, agree to an additur of $10,000. The defendant accepted the additur within the time set forth in the Court’s opinion.
The plaintiff, Pauline Altom, filed a motion to add to the total judgment of $12,500 six percent interest on said amount from the 24th day of November, 1971, the date of the original judgment in the trial court for $2500.
In McDaniel Bros. Construction Co. v. Jordy, 195 So.2d 922 (Miss.1967), this Court said:
This case involves unliquidated claim for damages for breach of contract and interest cannot be recovered on an unliqui-dated claim, but can only be allowed from the time of judgment. 22 Am.Jur. 2d 259 Damages § 181 (1965).
We are not aware of any case where the Court has ever allowed interest on a judgment based on an unliquidated claim before the date the judgment was entered. Under Mississippi Code 1972 Annotated section 75-17-5, all judgments bear interest at the rate of six percent per annum. There is no authority to award interest on judgments based on an unliquidated claim until the judgment is entered. The case of Illinois Central Railroad Co. v. Nelson, 245 *787 Miss. 395, 148 So.2d 712 (1963), is not in point. There a remittitur was entered and interest was allowed upon that part of the judgment not affected by the- remittitur from the date it was originally entered. This is consistent with the rule stated in the Jordy case.
The motion to add interest on the addi-tur from the date of the judgment in the trial court is overruled. Interest will be allowed on $2500, being the judgment entered in the trial court, from the date of the trial court’s judgment on November 24, 1971. Interest on the $10,000 additur is allowed from the date of the judgment of this Court.
Motion overruled.
All justices concur.