¶ 24. I agree with the majority that Locke was properly allowed to recover for his past medical expenses even though he had not yet paid the bills. However, I disagree with the majority's conclusion that, in addition to the amount of the bills for which Locke remained liable, the portion of the bills which were written off by the hospital were likewise recoverable by Locke. *Page 381 
 ¶ 25. In holding that Locke may recover even the portion of the bills which were written off, the majority relies upon Miss. Code Ann. § 41-9-119 (2001), which provides that "[p]roof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that such bills so paid or incurred were necessary and reasonable." (emphasis added). The majority fails to recognize that no one is responsible for making payment for the written-off portions of the medical bills; therefore, the written-off portions were not incurred by Locke. See Webster's Third International Dictionary 1146 (1976) (defining "incur" as "to be liable for").
 ¶ 26. A plaintiff is entitled to be made whole by recovering compensatory damages for actual loss sustained. Since no one, including the plaintiff, has paid or is liable for the amount of the bills written off, they do not represent an actual expense incurred. A fundamental principle of the law of damages is compensation for injuries sustained.McDaniel Bros. Constr. Co. v. Jordy, 195 So.2d 922, 925 (Miss. 1967). To allow the plaintiff to recover the amounts written off is to award him a windfall, not compensation.
 ¶ 27. For this reason, I respectfully concur in part and dissent in part.
MILLS AND COBB, JJ., JOIN THIS OPINION.